## DOBBINS v. THOMPSON.

1. Forcible entry and detainer—judg't. for plff.—certeorari to justices and cause removed to circuit court—cause there dismissed for want of notice of the writ.
2. If a notice be served by leaving a copy it must appear to have been left with a *white person* of the family.
3. The return shewed it was served on one F. whom the shff. considered a member of the family—parole evidence was offered to shew that F. was a member of the family—Held that this should have been received if necessary—but was unnecessary, and did not supply the other defects,—and the rejection of it by the court was not therefore error.

Opinion of the court delivered by McGIRK* J.

Thompson brought a suit of forcible entry and detainer before two justices of the peace to recover possession of a lot of land—the plaintiff Thompson had a judgment—Dobbin took out a certiorari from the office of the circuit court of Howard county.

Forcible entry and detainer—judg't. for plff.—certiorari to justices and cause removed to circuit court—cause there dismissed for want of notice of the writ.

When the cause was brought into the circuit court Thompson moved the court to dismiss the suit because he had not been served with a notice of the writ as the law requires. The case was dismissed, and this is the error assigned by the plaintiff in error.

It appears that a notice had been served by the sheriff on one Charles French and the question was whether the service was good or not. The 34th section of the act regulating practice of law, R. C. 630 says, notices in the progress of a cause may be served by the sheriff in the same manner a writ of summons is required to be served. The 5th section of the act points out the mode of serving a summons.

The sheriff returns that he served the notice on Charles French who was at the house of Thompson, and had been for several years a boarder in the family, and he consider-

If a notice be served by leaving a copy it must appear to have been left with a white person of the family.

—————————————————————

*Judge Wash absent.

AUG. TERM
1835.

Dobbins
v.
Thompson.

The return shewed it was served on one F whom the sheriff considered a member of the family—parol evidence was offered to shew that F was a member of the family— Held that this should have been received if necessary—but was unnecessary, and did not supply the other defect,—& the rejection of it by the court was not therefore error.

ed him to be a member of Thompson's family &c. When this case was before the court on the first argument we thought the return good enough; but now we think othwise.

The 5th séction says the service of a summons shall be by reading the writ &c. to the defendant or by leaving a true and attested copy of the same at the dwelling house or place of abode of the defendant, with some *white person* of the family above the age of 15 years &c.

The objection now taken to the service of the notice is that Charles French does not appear to be a white person of the family. The law was not willing to have this copy left with a black person, it must be left with a white person. The return should shew this which it does not do. The service is therefore bad. The plaintiff in the certiorari offered evidence to prove that French was a resident or member of Thompson's family: this we think might have been done if necessary. This evidence was objected to and excluded by the court. But this exclusion is a matter of no consequence as he offered none and gave none, to shew Charles French was a white man—without which his case would still have been bad.

If this evidence had been given it would have proved in substance no more than what the return proved already, and then the case would have been just where it is. The party seems to have only directed his proof to fill up the defect as to C. F. being a member of the family, the party seems to have thought this was the only defect; now it may be, that the party had no evidence as to the fact whether C. F. was white or not. If he had offered that, and it had been rejected then the judgment would have been reversed. It is argued that the court refused to hear any parole evidence: we do not so understand it.

There is no error in the judgment of the circuit court —it is therefore affirmed.