WEIMER, Appellant, v. MORRIS, Appellee.

If a party, by negligence, suffers a judgment by default to go against him, it will not be set aside to admit a defence which the party might have made had he used due diligence.

Appeal from the Circuit Court of St. Louis county.

*Gamble for Appellee.*

The error assigned is, that the court refused to set aside the judgment by default.

The decision of the court below *was* correct.

1st. Because the affidavit swears to no defence to the action.

2d. Because there was no diligence in making a defence. Lecompte & wife, vs. Wash, 5 Mo. Rep. 557.

3d. That the motion was not made in time, being after damages were assessed. Revised Code 460, sec. 31.

*Opinion of the Court by Tompkins, Judge.*

John P. Morris brought his action in the circuit court of St. Louis county, against John M. Weimer. That court gave judgment for Morris; to reverse which Weimer appeals to this court. The judgment was taken by default, and there was a motion to set it aside, which was overruled. The bill of exceptions shows that Weimer swore that shortly after the service of the summons in the case, he saw

MAY TERM, 1841.

Weimer
v.
Morris.

George W. Call, the maker of the note on which the action was founded, and for whose accommodation the defendant Weimer indorsed the same, and the said Call told Weimer that he would attend to the whole business himself, and gave such repeated assurances to that effect that he, Weimer, relied on him entirely, and supposed that said Call had attended to it; and but for that circumstance Weimer said 'he' would have made a defence to the action. Weimer further stated in his affidavit, that since the rendition of the judgment against him, he has been informed, and believes, that there was no legal consideration given by the said plaintiff to said Call for a large part of the sum specified in said note, and that an usurious interest at the rate of seventy-two per cent. was exacted on the same. All which he believes he can, if permitted, prove to the court.

Had Weimer pleaded to this cause, and diligently made such defence as he could, and then after judgment rendered against him disclosed this evidence, declaring that he had not been able, by using due diligence, to discover the same before trial, it might have been good reason why a new trial should have been granted to him. But after having by the most gross negligence suffered a judgment by default to go against *himself,* he comes in to claim that indulgence which can be shown only to the diligent.

The judgment of the circuit court is affirmed.

*If a party, by negligence, suffers a judgment by default to go against him, it will not be set aside to admit a defence which the party might have made had he used due diligence.*