## HEISTERHAGEN vs. GARLAND.

1. It is not a sufficient ground to reverse the judgment of an inferior Court refusing to set aside a judgment by default, that the affidavit for such motion states a good defence, and that " defendant was a German by birth, and could not understand the English language unless explained to him, and that he did not understand when the sheriff served the writ upon him that he had to appear in Court:" it appearing that " he refused to hear the writ read to him "—and he knew he was sued.
2. The omission to pay the jury fee before judgment entered, is no ground for setting aside the judgment.

### APPEAL from St. Louis Court of Common Pleas.

PRIMM & TAYLOR, *for Appellant, insist:*

1. The Court erred in not setting the judgment by default aside, for the defendant not only showed that he had a meritorious defence, as he was advised by counsel and believed, but that in fact and in truth, the note with legal interest had been fully paid, and showed the good cause contemplated by the statute, for he immediately set about procuring the judgment to be set aside as soon as he knew that he was sued.

2. By the Common Law it is in the discretion of the Court to set aside a judgment by default on affidavit of merits, so that a term is not lost to the plaintiff. Tidd's Pract. 507, 508. Gra-

ham's Pract. 634. And in this case no injustice could have been done the plaintiff, for the Court could in its discretion prescribe the terms and order issuable pleas to be filed *instanter*, and a trial at the same term the judgment was rendered.

The present case shows no knowledge whatever of the appellant being sued—a meritorious defence—and immediate measures taken to perfect his defence.

3. The judgment is irregular, because the jury fee should have been paid before judgment taken. Rev. Co. Appendix, p. 1100, §6. Some analogy may be drawn from the English Stamp Acts; there the want of a Stamp excludes the proposed evidence, so here the record no where shows the law to be complied with.

POLK, *for Appellee, insists:*

1. The affidavit ought not only to have shown a meritorious defence, but also stated the *evidence* to *sustain* that defence. Barry vs. Johnson, 3 M. R. 263. The affidavit in this case gives no statement of the evidence upon which the appellee could rely to sustain his defence. It merely states in what his defence consists.

2. The affidavit does not show "the exercise of all due diligence by the appellant in making his defence," which is requisite in order to justify the Court in setting aside the judgment by default. Green vs. Goodloe, 7 M. R. 25. Wimer vs. Morris, 7 M. R. 6. LeCompte vs. Wash, 4 Mo. Rep. 557.

3. The affidavit does not show such a defence as would be sufficient to bar the recovery of the appellee. 7 Mo. Reps. 25.

4. The Bill of Exceptions contains no evidence in regard to the payment of the jury fee—therefore, as the Bill of Exceptions does not show that it was not paid, if it was necessary that it should have been paid before the Court could have legally rendered the judgment by default, this Court will presume it was paid. In support of this position, I refer the Court to the numerous cases decided by this Court, in which they have affirmed the judgments of the inferior Courts, because the Bills of Exceptions did not state that all the evidence was embodied therein, and to the reasoning of the Court upon which such cases were decided.

But the statute does not require a jury fee to be paid by plaintiff in cases of judgment by default upon written instruments—but only in cases of trial. See Code of 1845, Appendix p. 1100, §6. In this case there was no *trial* of facts by either Court or jury, but a mere computation by the Clerk, according to §41 of p. 815 of Code of 1845.

*Statement of the case adopted by the Court, and opinion by* NAPTON, J.

This was a suit by petition in debt, brought by appellee in the St. Louis Court of Common Pleas, to the September Term, 1845, against Heinrich Koch and Henry W. Heisterhagen, on a note executed by them, dated at St. Louis, 4th June, 1839, payable seven months after date to the order of William Palm, at the Bank of the State of Missouri, for three hundred and thirty-five dollars, without offset or defalcation for value received, which note was endorsed and delivered by the payee Palm, to the appellee. Both Koch and Heisterhagen were personally served with process. At the return term of the writ, and after the time for pleading fixed by statute had expired, judgment by default was duly entered up against said Koch and Heisterhagen for want of a plea.

Afterwards, on the 5th of November, 1845, said appellant, Heisterhagen, moved the Court to set aside the judgment by default entered against him, for the reasons embodied in his affidavit accompanying said motion, and also because the jury fee in the case had not been paid. This motion was overruled by the Court, and said appellant excepted and appealed to this Court.   The Bill of Exceptions sets out the affidavit—which states that he executed the note on which he was sued as security for said Koch, of which Palm, the payee, was at that time cognizant, which was some four or five years ago.   That he called on the plaintiff some two years before, and directed him to sue said Koch, and that unless plaintiff would do so, he would not regard himself any longer responsible on the note.   That appellee never instituted suit on said note, until this suit was brought.   That the consideration of the note was usurious, and that affiant had been informed, and believed that the plaintiff had received the larger portion of the note from said Koch. That affiant was a German by birth, speaking little English, and unable to understand the English language when spoken to, although he knew the meaning of words in English when explained fully to him.   That at the time the writ in this suit was served on the affiant, he did not know he must appear in Court, and was first informed of the fact that he had been sued, by the Sheriff calling on him with an execution a few days before.   That he called on counsel and stated his case, and immediately took measures to have the judgment set aside.   That he had been informed by counsel and believed that he had a good defence to the action. That since the fact of his being sued was brought to his knowledge, he had used all diligence.   That if he had understood what the Sheriff meant when he first came to him, he would have defended the suit, because he had attorneys constantly employed to attend to his business.

The Bill of Exceptions, however, does not show that the jury fee in the case was not paid.

The only question in this case is, whether the affidavit of defendant makes out a case of due diligence.   The affidavit asserts a meritorious defence, and states the particulars of that defence.   There is nothing to distinguish this case from that of Green vs. Goodloe, (7 Mo. Reps. 25,) except that the defendant here was a German, and according to his affidavit was unable to understand the English language, unless particularly explained to him, and at the time the writ was served, he did not understand he was to appear in Court.   The return of the Sheriff upon the writ issued in this case was as follows : " Executed the within writ, in, &c., on, &c., by offering to read it and the annexed petition to Hein--

rich Koch and Henry W. Heisterhagen, the defendants, *which they each refused to hear.*" Our statute has declared, that the offer by an officer to read a writ where the party to be served refuses to hear it, shall be a valid service. It will be observed that the affidavit of Heisterhagen does not contradict the Sheriff's return, nor does the affiant leave it to be inferred that he did not understand the general character of the business which the Sheriff desired to communicate to him, to-wit: that he was sued, and by whom he was sued, but merely states, that he did not understand that he was to appear in Court at a specified time. Would it not virtually abrogate the implied service which the statute sanctions, to permit so ambiguous an affidavit as this to set it aside? We would not be understood to say, that a case of such gross ignorance, or imposition, might not be made out as to show there was a necessity or propriety in the interference of the Court. But the affidavit in this case does not preclude the supposition, that the defendant was sufficiently advised by the communication of the officer that he was sued, and if so, that he could have informed himself of the particulars of the writ, if he had desired it. He was aware of his securityship, and indeed had urged a suit, as he states in his affidavit; and moreover, seems not to have been wholly ignorant of litigation, inasmuch as he states in his affidavit, that he "had attorneys constantly employed to attend to his business."

Upon the whole, then, we are not disposed to interfere with the decision of the Court of Common Pleas. Had that Court thought proper to set the judgment aside, we cannot say such a course would have been erroneous; but it must be a clear case to authorize our interference.

We perceive no force in the point made in relation to the jury fee; whether it was paid or not, did not concern the defendant.

Judgment affirmed.