WAGEMANN, Respondent, *vs.* JORDAN, Appellant.

1. The supreme court will not review the discretion exercised by inferior courts in refusing to set aside a judgment by default, on account of the ignorance or mistake of the defendant in failing to file his answer.

*Appeal from St. Louis Law Commissioner's Court.*

*Delafield & Kribben,* for appellant.
*Gardner,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff commenced his action in the law commissioner's court against the defendant, where he obtained judgment by default, the defendant failing to answer the plaintiff's petition. This judgment by default was entered on the 11th of

October, 1853, and an inquiry of damages was ordered for the 14th of the same month. On the 14th of October, the plaintiff appeared by his attorney, and waived a jury and submitted the cause to the court. The court, hearing the evidence, assessed the plaintiff's damages at the sum of one hundred dollars.

On the 21st of October, the defendant, by his attorney, moved the court to set aside the judgment by default, and grant him a new trial; in support of this motion, he filed his own affidavit, supported by the affidavit of his counsel. This motion the court overruled, the defendant excepted, and brings the case here by appeal.

1. The excuse for failing to file his answer to the plaintiff's petition, mainly rests upon the ignorance of the defendant as to the mode of proceeding in our courts. He states that, when sued, he employed an attorney to manage the case for him. This attorney drew up his answer and told him to "take it to the office, swear to it, and leave it there." The defendant thereupon took his answer to the office of Frederick Kretschmar, a justice of the peace, swore to it, and left it there with the justice, supposing that the office of said Kretschmar was the office alluded to by his attorney. We cannot properly estimate the excuse arising from the ignorance of the defendant, and we will not sit here to inquire how ignorant the defendant was of the mode of proceedings in our courts; whether he had been so short a time in our state, as to suppose the office of a justice of the peace was the only office where the answers to suits were to be sworn to and left or not. The constant rule of decisions in this court has been heretofore to leave such matters to the courts below, and we will not change this rule. *Weimer* v. *Morris*, 7 Mo. Rep. 6. *Green* v. *Goodloe*, 7 Mo. Rep. 27. *Field & Cathcart* v. *Watson*, 8 Mo. Rep. 686. *Heisterhagen* v. *Garland*, 10 Mo. Rep. 66. *Austin* v. *Nelson*, 11 Mo. Rep. 192. *Faber* v. *Bruner*, 13 Mo. Rep. 541. Ib. 590.

As to the point about the court assessing the damages upon

inquiry, when the plaintiff waives a jury, see Code of Practice, 1849, art. 12, sec. 2. *Darrah & Pomeroy* v. *Steamboat Lightfoot*, 15 Mo. Rep. 187. The other judges concurring, the judgment below will be affirmed.