## J. L. COLTER, Respondent, v. JAMES LUKE, Appellant.

**Kansas City Court of Appeals, March 2, 1908.**

1. **TRIAL PRACTICE: Process: Service: Family: Person.** Under the code a family is a collective body of persons who live in one house under one head, including parents, children and servants and as the case may be, lodgers or boarders. The expression "person of a family" is synonymous and interchangeable with "member of a family;" and a return reciting the service on a member of a family is good.

2. ————: **Default: Setting Aside: Diligence.** A defendant in default should not merely show that he has a meritorious defense, but likewise the reasonable prudence and diligence expected of a person in his situation.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) The return shows copy of writ and petition was left with a member of his (Luke's) family. The statute requires that it be left with a person of his family. R. S. 1899, sec. 570. (2) Luke's motion to set aside the default judgment duly sworn to, shows that plaintiff was never in his employ, and that Luke was not operating the mine in which plaintiff was injured and had no interest therein and had not had for about two years. These facts were not denied by plaintiff, and common justice required that the judgment should have been set aside and Luke permitted to answer, especially with the additional offer of Brown to enter his appearance to the cause and answer. Hoffman v. London, 96 Mo. App. 192. (3) The undisputed facts showing that plaintiff was not in the employ of Luke and that Luke had no interest in the mine in which plaintiff was injured, it is manifest injustice to let this judgment for $500 stand, even though Luke's affidavit shows some negligence on his part in his placing more reliance on Brown taking care of the case than he was probably justified in doing. Tucker v. Insurance Co., 63 Mo. 593.

*H. T. Harrison* for respondent.

(1) The motion to set aside the default judgment comes too late after final judgment is rendered. It was a simple motion and in no sense a petition for review. The statute allows a motion to set aside a default before final judgment, but not after. R. S. 1899, sec. 770; Billingham v. Commission Co., 115 Mo. App. 157; Burnes v. Burnes, 61 Mo. App. 617; Matthews v. Cook, 35 Mo. 286. (2) But even if the appellant was

properly before this court the motion shows absolute negligence on the part of the appellant, who says processes were left with him on the same day the sheriff's return shows it was, and that he thought his partner was looking after the matter. (3) It is only in case of an abuse of this discretion that this court will interfere. Courts cannot, and ought not, to undertake to relieve parties from the consequences of their own negligence. Robyn v. Publishing Co., 127 Mo. 390, and authorities cited; Welch v. Mastin, 98 Mo. App. 277.

JOHNSON, J.—Plaintiff brought suit against Jamot Brown and James Luke to recover damages for personal injuries. He alleged in the petition that while employed by defendants as a shoveler in a lead and zinc mine owned by them he was injured by their negligent failure to perform their duty to employ reasonable care to provide him with a reasonably safe place in which to work. Summons, made returnable to the November, 1906, term of court was duly issued and was returned by the sheriff as follows: "Executed the within writ in the county of Jasper and State of Missouri on the 3d day of November, 1906, by serving the within named defendant, James Luke, by leaving a copy of this writ together with a certified copy of the original petition at his usual place of abode with a member of his family over the age of fifteen years and further by making diligent search and failing to find said Jamot Brown in my county." No answer was filed nor was any appearance made by Luke. The cause was set for trial December 4, 1906, and on that day plaintiff appeared, dismissed the defendant Brown, introduced evidence in support of his cause against Luke and was given judgment in the sum of five hundred dollars. Two days later and at the same term, Luke filed a motion to set the judgment aside and to grant him a new trial. He admitted receiving the

service papers left by the sheriff at his house as stated in the return, but offered the following excuse for his failure to defend the action, viz.: He and defendant Brown had been extensively interested in the mining business in Jasper county, but some two years before, Luke had withdrawn from most of the ventures, including the mine in which plaintiff was working, and had transferred the properties to Brown, who continued to operate them on his own responsibility and for his own benefit and with the understanding, afterward carried out, "that any suits, controversies, causes of action or other business matters arising out of any of the mining properties taken over by the said defendant Brown, were to receive proper and necessary attention from said defendant Brown and that said defendant Luke should be relieved of any responsibility in a business way or otherwise to these properties." When he received the petition and summons, Luke intended to call Brown's attention to the fact that he had been sued but failed to do so on account of the absence of Brown from Jasper county. Knowing, however, that he (Luke) had no interest in the controversy, he relied on Brown to pursue, in this instance, the usual practice of defending such actions without special request from him. The motion concludes with the averment that "Luke has a meritorious defense to the above cause of action for the reason that he had no interest in said mine at the time that the accident occurred and that he has had no interest in said mine for two years and owed no duties to the plaintiff in this case." The motion is verified by affidavit. The record shows that "at the hearing of said motion . . . Clark Craycroft, as attorney for said Jamot Brown, and having present in court his authority so to do, offered and tendered in court, that if the motion to set aside said judgment be sustained that he would enter the appearance of said Jamot Brown as defendant in said cause and

file answer therein for said Brown." The court over-ruled the motion and defendant Luke appealed.

The first point made by defendant is that the judg-ment should have been set aside "because the service as shown by the sheriff's return is not in compliance with the statute. The return shows 'copy of writ and peti-tion was left with a member of his (Luke's) family.' The statute requires that it be left with a *person* of his family." [R. S. 1899, sec. 570.] The third clause of section 570, under which the service was made, does re-quire that a copy of the writ and petition be left at the usual place of abode of defendant "with some *person* of his family over the age of fifteen years. The service thus provided is constructive and to be valid must conform substantially to the requirements of the statute. [Laney v. Garbee, 105 Mo. l. c. 359.] The word "family" as used in the statute may be defined as "a collective body of per-sons who live in one house, under one head or manager, including parents, children, and servants and as the case may be, lodgers or boarders." [3 Words & Phrases Jud. Def., p. 2673; Dobbins v. Thompson, 4 Mo. 118; Elling-ton v. Moore, 17 Mo. 424.] The test to be applied in solving the question of whether a person to whom the papers are delivered by the officer belongs to the collect-ive body is this: If the relation between him and the other persons of the household is of a permanent and domestic character and not intended to be merely tempo-rary, he is to be regarded as a person of the family on whom constructive service of process against another member may be made. In speaking of the persons of a family, the words "person" and "member" are synony-mous and may be used interchangeably. One could not be a person of a family without being a member, nor could he be a member without being a person. The re-turn substantially complies with the statute.

The second point made by defendant is that the trial court should have granted a new trial on the showing he

claims to have made that he had a meritorious defense and a reasonable excuse for not presenting it in proper time. Plaintiff urges in argument that the motion comes too late, being filed after final judgment was entered but waiving this point and treating the motion as the legal equivalent of a petition for review under section 770, Revised Statutes 1899, et sequentes, and therefore, not subject to the rule applied in Matthews v. Cook, 35 Mo. 286; Burnes v. Burnes, 61 Mo. App. 612, and Billingham v. Miller, 115 Mo. App. 154, we nevertheless, see no occasion for interfering with the discretion exercised by the trial judge in overruling the motion. That defendant was negligent in relying entirely on his codefendant to follow a usual practice, knowing that the latter was absent from the county and might not have any knowledge of the existence of the suit, is too plain for serious discussion. His own neglect was the sole cause of the predicament in which he finds himself. "Courts cannot, and ought not to undertake to relieve parties from the consequences of their own negligence." [Robyn v. Pub. Co., 127 Mo. l. c. 391.] Plaintiff who had been diligent has some rights which must be respected. He went to the trouble and expense of preparing for trial and appearing at the appointed time and place with his witnesses and obtained his judgment as the result of the orderly pursuit of the course of procedure prescribed by law. To set aside the judgment would be to punish him for the inexcusable neglect of his adversary.

A defendant against whom judgment goes by default should not be made an object of solicitude on the part of the court on the mere showing that he has a meritorious defense. He further must show that he has not been neglectful of his own interest and that his failure to appear was due to a cause which would have misled any reasonably prudent and diligent person in his situation. Since we do not find that the learned trial judge acted arbitrarily or oppressively in the exercise of the wide

discretion vested in him by law, it follows that the judgment must be affirmed.  All concur.