DAVID O. PERRY, Respondent, v. CARTHAGE STONE COMPANY, Appellant.

Springfield Court of Appeals, July 28, 1913.

1. **DEFAULT JUDGMENT: Motion to Set Aside: Evidence Reviewed.** On a motion by defendant to set aside a second default judgment the evidence is examined and reviewed. *Held*, that it did not show that the defendant, at the time of the rendition of the judgment, believed that the case had been dismissed.

2. ———: **Setting Aside: Requirements of Defendant.** To sustain a motion to set aside a default judgment, it is not enough that the defendant shows a meritorious defense. He must also show that he has not been neglectful of his own interests and that his failure to appear was due to a cause which would have misled any reasonably prudent person.

3. ———: **Evidence Not Preserved: Presumptions.** A default judgment for $3000 for personal injuries was rendered by the trial court which was set aside. A second default judgment was later rendered for the same amount. None of the evidence was preserved by the bill of exceptions. *Held*, that the finding will be presumed to have been warranted by the evidence.

Appeal from Jasper County Circuit Court, Division No. Two.—*Hon David E. Blair*, Judge.

AFFIRMED.

*J. H. & W. E. Bailey* for appellant.

(1) Where a party has a meritorious defense and uses a reasonable degree of diligence in making it, that

is all that is necessary to justify a trial court in setting aside a judgment by default. Currey v. Zinc, Lead & Smelting Co., 157 Mo. App. 423; Parks v. Coyne, 155 Mo. App. 394; Adams v. Hickman, 43 Mo. 171; Scott v. Smith, 133 Mo. 618. (2) Under all the facts and the law the default judgment should have been set aside. Hulbert v. Tredway, 159 Mo. 665; Knupp v. Miller, 133 Mo. App. 256; Wells v. Andrews, 133 Mo. 663. (3) The trial court caused his personal opinion or knowledge of facts to be made a part of the record. Sec. 1972, R. S. 1909, provides for finding of facts by the court on request of one of the parties to the suit. A mere opinion of the court, or remarks made by the judge, will not be noticed or considered in the appellate court. Griffith v. Material & Const. Co., 46 Mo. App. 544.

*J. D. Harris* for respondent.

(1) In order to justify a court in setting aside a judgment by default, the defendant must show (1) that it has a good reason for the default; and (2) that it has a meritorious defense. Both of these things must appear so clearly as to make it manifest that the refusal of the trial court was arbitrary. Robyn v. Publishing Co., 127 Mo. 390; Pry v. Railroad, 73 Mo. 123; Colter v. Luke, 129 Mo. App. 702; Welch v. Mastin, 98 Mo. App. 273; (2) Parties will not be relieved from judgments by default which are due to their own negligence. Robyn v. Pub. Co., 127 Mo. 385; Colter v. Luke, 129 Mo. App. 702; Welch v. Mastin, 98 Mo. App. 273. (3) Appellant complains that the trial court stated into the record its own knowledge of the disputed facts. It was not only proper, but the duty of that court to make this statement into the record, and thereby disclose the attempt to perpetrate a fraud on the court. Welch v. Mastin, 98 Mo. App. 277.

ROBERTSON, P. J.—An action was brought by the plaintiff, as we gather from the statements of the appellant and the respondent, to recover $4000 from the defendant as damages on account of personal injuries received while in the employment of the defendant as night sawyer in its stone saw mill, which injuries were occasioned by defective machinery and appliances negligently permitted by the defendant to become out of repair and dangerous, and rendering the place in which plaintiff was required to work unsafe.

The case was returnable to the November term, 1911, when a firm of attorneys, representing an insurance company, which it appears had indemnified the defendant, as it claimed, on account of accidents of the character involved here, filed in behalf of the defendant a demurrer to the plaintiff's petition and a motion for security for costs. A controversy having arisen between the insurance company and the defendant, the plaintiff voluntarily continued his case until the February term, 1912, to give the defendant and the insurance company an opportunity to adjust their differences.   At the February term of court, 1912, it appears that the controversy between the insurance company and the defendant culminated in the withdrawal from the case of the attorneys who had filed the demurrer and the motion for costs.   On the first day of April, 1912, the last day of the February term, the court overruled the demurrer to the petition and gave the defendant until on or before May 25, 1912, in which to plead.   No further pleadings were filed by the defendant.   The case was set down by the clerk in vacation for trial at the June term of court for June 13, 1912.

It appears that a short time before the date on which the case was set for trial the attorney for the plaintiff called the attention of the general manager of the defendant to that fact and was advised by him that he would not have a thing to do with the case.

On the 13th day of June, 1912, the court heard proof of plaintiff's claim and gave him judgment for the sum of $3000. On the next day after the judgment by default was taken the general manager of the defendant requested of the plaintiff's attorney that the judgment be set aside in order that the defendant might have an opportunity to be heard. At that time the attorney for the plaintiff did not agree to such an arrangement but later, at the same term of court, plaintiff's attorney and the general manager of the defendant went before the judge and the judgment was set aside and the cause continued to the November term of court.

The docket for the November term of court was printed, as is customary, and showed this case set for December 2, 1912, at which time the defendant having made no further appearance in the case, plaintiff offered his proof and the court again entered judgment in his behalf for $3000. On December 5, 1912, the defendant filed its motion to set aside the said last judgment, which motion the court overruled, and after an unsuccessful motion for a rehearing the defendant has brought the case to this court for review but has not favored us with a copy of the petition upon which the cause of action is based, but as no point is made by the respondent upon that question we shall decide the case as it is presented here.

There is, as we understand this case, but one point for consideration and that is as to what the defendant understood, or should be held to have understood, at the time the first judgment against it was set aside and its diligence thereafter.

At that time the manager of the defendant claims that he understood that the plaintiff's attorney had dismissed the case. Defendant's manager says that he and plaintiff's attorney went to the courthouse where the court was then in session and that the plaintiff's attorney approached the judge's bench,

the manager remaining in the background, and that after the plaintiff's attorney had conversed a short time with the judge he returned to the general manager and told him that the case had been dismissed and that there would be nothing further for the defendant to look after. Thereafter, so far as the record before us shows, the defendant did not again materially appear in this case until this motion was filed.

The plaintiff's attorney testified that the transaction did not take place in any such manner as detailed by the defendant's general manager, but that the manager of the defendant company accompanied him to the judge's desk and there the manager stated to the court that they desired to have the judgment set aside, to which the attorney did not object, and that the court did set aside the judgment.

The plaintiff's attorney is not uncorroborated as the judge of the court, before whom all of these proceedings were had in this case, when passing upon this motion made a statement as to what he distinctly remembered as having taken place when this judgment was set aside, wherein he stated that the manager came up to the desk with plaintiff's attorney; that plaintiff's attorney requested the court to turn to that particular case on the docket and let the record show that the judgment was set aside on application of the defendant; that a statement was then made about giving the defendant a trial; and that all of this took place within the hearing of the defendant's general manager.

As stated by Judge Nixon, in the case of Parks v. Coyne, 156 Mo. App. 379, 391, 137 S. W. 335. "It must be borne in mind, however, that these cases involving the wisdom of the trial judges in the exercise of the discretion vested in them by law, are in the nature of things to be considered one at a time and not as an integral branch of our system of jurisprudence where we can evolve rules of conduct that will fit any certain number or character of cases."

There is no attempt upon the part of the defendant to show any diligence on its part after the first default judgment was set aside, but on the contrary it seeks to excuse its entire conduct from that time until after the second judgment was rendered on the theory that it supposed that the case was dismissed. Upon this theory of the case we adopt the testimony of the attorney for the plaintiff and the declaration of the court. It then being true that the defendant did not believe that the case was dismissed, to hold that it should be relieved in this instance would be equivalent to holding that in no case could a judgment by default be sustained in the face of an application by the defendant to set it aside. It would be equivalent to holding that a judgment by default should be set aside as a matter of course upon the filing of an application therefor. But, "a defendant against whom judgment goes by default should not be made an object of solicitude on the part of the court on the mere showing that he has a meritorious defense. He further must show that he had not been neglectful of his own interest and that his failure to appear was due to a cause which would have misled any reasonably prudent and diligent person in his situation." [Colter v. Luke, 129 Mo. App. 702, 707, 108 S. W. 608.]

The record in this case discloses that at some time before final judgment was entered the plaintiff offered to take a very much less amount than that given in the. judgment. However, the record further discloses that before entering the default judgment, on two occasions, the trial judge heard testimony as to the amount of damage and injury sustained, none of which is preserved in the bill of exceptions brought here. There being nothing by which we could determine the extent of the injury and the trial judge after twice hearing the evidence having fixed it at $3000, we can only assume that his finding was warranted by the testimony before him.

The judgment of the trial court is affirmed. All concur.