MAY OXLEY v. FLOYD OXLEY.—203 S. W. (2d) 134.

Springfield Court of Appeals. May 1, 1947.

Rehearing denied June 20, 1947.

*Wm. B. Sharp* for appellant.

*Arthur U. Goodman, Jr.* for respondent.

BLAIR, J.—This is an appeal from the order of the Circuit Court of Dunklin County, Missouri, overruling defendant's (now appellant's) motion to set aside, vacate and review a judgment in a suit filed by plaintiff (respondent here).

The land mentioned in the petition is in Dunklin County, Missouri, and the usual petition for partition was filed and commissioners were thereafter appointed by the court. The commissioners reported and their report was confirmed. The land was partitioned in kind by the circuit court. In its order of confirmation, beside the approval of the commissioners' report and the partition of the land in kind between plaintiff, and defendant, a $3,000.00 judgment theretofore obtained by plaintiff (allegedly in a divorce case) was made a special lien against the land set off to defendant. The order of confirmation, among other things, contained an order for the costs of the partition suit, including an allowance of attorney's fees. The land set off to defendant was afterwards sold by the sheriff to plaintiff, under execution on a fee bill of $138.81, against the interest of defendant, such costs growing out of the partition suit, and the allowance for attorney's fees.

The interlocutory decree in the partition suit, which also provided for the special lien on defendant's property, in the sum of $3,000.00, as aforesaid, was entered on June 25, 1945. The final decree, approving the report of the commissioners and ordering partition of the land in kind, fixed an attorney's fee of $250.00. One-half of this and other costs in the case were assessed against the interest of defendant in said land. This final judgment was entered on July 6, 1945. Defendant never appeared in the partition suit.

Thereafter, on April 28, 1946, defendant filed his motion or petition praying for the setting aside, vacating and review of the judgment in the partition suit. On Plaintiff's motion, the defendant's petition for such review was overruled and dismissed. Defendant has appealed from such dismissal.

We would quote at length defendant's motion for review, but we will not do so, as such defendant, as appellant, has made a statement in his brief, from which we quote as follows:

"Thereafter, the defendant returned to the state of Missouri and discovered that more than just a divorce had taken place during his absence. Being a man of limited education and of little understanding of the legal papers he had received, he knew that he had lost a wife, but only now was it brought home to him that he had been stripped of his property, all of it, both real and personal. . Wherefore, in due time, under the provisions of Sections 1247 to 1251, Revised Statutes of Missouri, 1939, defendant did file his Petition for Review

of the default judgment for the causes mentioned in the petition, and to which petition plaintiff filed a Motion to Dismiss. In the consideration of this motion, which contains several reasons for asking that the Petition for Review be dismissed, only one ground, namely: Numbered 6 as follows:

" '6. That defendant was duly summoned as defendant herein and for such reason is not entitled to file or prosecute a petition for review.' was considered by the court in his finding and wherefore he passed judgment sustaining the motion of plaintiff and dismissed the petition for Review. It is from this judgment, and the finding thereof, that defendant does respectfully appeal to this court and to this question of 'being summoned' the brief and argument will be limited."

The defendant's petition for review was based on three grounds, towit: The special lien on the land set off to defendant, and the costs of suit; that the petition was untrue in stating the interest of plaintiff and defendant, and in not stating that persons, other than plaintiff and defendant, had an interest in said land; and, lastly, that the judgment entered could be reviewed, because plaintiff had not been served with a copy of the summons and petition in this state.

We regard as serious the claim of defendant that error was committed when the trial court found, as appears in defendant's statement: "6. That defendant was duly summoned as defendant herein and for such reason is not entitled to file or prosecute a petition for review."

Defendant relies on Section 1247, Revised Statutes Missouri, 1939. That section was not repealed by Section 1 of the Laws of 1943, at page 353, and is apparently still in force and effect, and authorizes review in all cases of constructive service. Section 900, Revised Statutes Missouri, 1939, was expressly repealed by Section 1, of the Laws of 1943, page 353, and was no longer in force, when the summons and petition were mailed to defendant in this case; but service by mail against a non-resident in cases affecting specific property (which is true in a partition case) is authorized by Section 28, Laws of 1943, page 367.

While Section 900, Revised Statutes Missouri, 1939, was expressly repealed by Section 1, Laws of 1943, page 353, it does not follow that the construction put upon the language used in Section 900, Revised Statutes Missouri, 1939, and sections of other statutes to the same effect, are not persuasive in the case at bar, if not entirely controlling.

Section 900, Revised Statutes Missouri, 1939, provided that, in cases of partition, a copy of the summons and petition might be delivered by an officer to a defendant residing or being without this State, and then further provided:

"Service of process in conformity with this section shall be as effectual within the limits of this state as personal service within this state, and judgments rendered against defendants thus served shall

have the same effect and force within the limits of this state as judgments rendered against defendants personally served with summons in this state.''

Section 28, Laws of 1943, at page 367, after authorizing service by mail, outside of this state, in cases affecting specific property, provides:

''If any defendant so served does not appear, judgment may be rendered affecting said property . . . as to said defendant.''

The only substantial difference between Section 900, Revised Statutes Missouri, 1939, and Sections 28, Laws of 1943, page 367, is that, under the former section, service outside of the state could be made by a certain officer, while, under Section 28, Laws of 1943, page 367, such service may be had by mail.

As this seems to be a case of first impression, the construction given to Section 900, Revised Statutes Missouri, 1939, (although that statute has been expressly repealed) and other similar statutes, cannot but be of great value to us in construing the language used in Section 28, Laws of 1943, page 367.

The Supreme Court, the several Courts of Appeal, and other authorities, have passed on the language we have quoted from Section 900, Revised Statutes Missouri, 1939, and other similar sections. They have uniformly held, notwithstanding the language used in such section that the service of summons and copy of the petition, outside of the state, is as effective as service of summons within this state, that such service outside of the state was ''constructive service'' only, and that a person so served, if he did not appear, was entitled, under Section 1247, Revised Statutes Missouri, 1939, to have the final judgment in such case reviewed. [50 C. J., page 542, Sec. 213; Payne v. Brooke, 217 S. W. 595; Moss v. Fitch, 212 Mo. 484, 111 S. W. 475, 126 Am. St. Reports, 568; Givens v. Harlow, 251 Mo. 231, l. c. 241, 158 S. W. 355; Smith v. McCutchen, 38 Mo. 415, l. c. 417.] In view of such authority, we must hold likewise, and hold that the judgment of July 6, 1945, was subject to review, if properly attacked.

Defendant has set out the interest of the parties, different from that stated in the petition. Such other parties cannot be affected by such judgment, because they were not parties to such suit. [33 C. J. page 1074, Sec. 35; Graves v. Smith, 278 Mo. 592, 213 S. W. 128.] This was no reason why the judgment as to defendant should be set aside.

The $3,000.00 special lien on defendant's share in the partitioned property (possibly first obtained in a divorce suit) was not attempted to be made a general judgment against defendant, and affected only defendant's interest in specific property and was not even sought to be enforced in the judgment rendered in this case, and now sought to be set aside and reviewed.

While in his motion to set aside and review the judgment in this case, defendant says that one-half of the costs of the partition suit was

levied and assessed against him, reference to the order of the court shows that such costs were not made a general judgment against either plaintiff or defendant, but were "taxed against the parties in interest according to their respective rights as heretofore ascertained, and declared by the court, namely one-half against the plaintiff and one-half against the defendant."

The court had theretofore found that plaintiff and defendant were each entitled to an undivided one-half interest in the land described, and one-half of such costs were assessed against defendant, according to his interest in said land; that is to say, that one-half of such costs were a lien on defendant's interest in said land, and the judgment for such costs was only a special judgment against such interest, and not a general judgment against defendant. Costs were an incident of a suit for partition of specific property and were properly assessed against such property, according to the interest of the parties therein. The statutes of Missouri so provide. [Section 1422, R. S. Mo. 1939, and Section 1761, R. S. Mo. 1939.]

In so taxing the costs in a partion suit against the interest of defendant in such land, the court did not render a general judgment against defendant, but such judgment was only a special lien against defendant's interest in said land. The assessment of such costs was not improper in any partition case.

But Section 1247, Revised Statutes Missouri, 1939, on which defendant relies, further provides that such defendant, to be entitled to such review, must "by petition for review, show good cause for setting aside such judgment."

The petition for review only sets out what defendant regards as a good defense to the case on its merits, but nowhere states any good cause why such default judgment should be set aside.

The general rule is laid down in 34 C. J., Sec. 549, page 329. It is there said:

"The petition, complaint, or moving papers must show, not generally or inferentially, but by specific averments, that the appellant has not been in fault, or that he has exercised due diligence and vigilance. If a *prima facie* case of negligence appears, there must be a showing of facts excusing such negligence."

ROBERTSON, P. J., of the Springfield Court of Appeals, in the case of Perry v. Carthage Stone Company, 173 Mo. App. 414, 158 S. W. at l. c. 888, said:

"A defendant against whom judgment goes by default should not be made an object of solicitude on the part of the court on the mere showing that he has a meritorious defense. He further must show that he has not been neglectful of his own interest and that his failure to appear was due to a cause which would have misled any reasonably prudent and diligent person in his situation."

Judge ROBERTSON cited Colter v. Luke, 129 Mo. App. 702, 707, 108 S. W. 608, 610, as authority and from which his quotation was taken.

In Curtiss v. Bell, 131 Mo. App. 245, 111 S. W. 313, Judge BROADDUS, Presiding Judge of the Kansas City Court of Appeals, said:

"The doctrine is broadly stated in Jones v. Rush, 156 Mo. 365, loc. cit. 374, 57 S. W. 118, 121, that: 'At all events, a court of equity can do nothing for a man who will not try to take care of himself.' This rule applies to all kinds of cases, and is universal in its application."

The same rule was laid down in the early days in Castlie v. Bishop, 51 Mo. 162. In Weimer v. Morris, 7 Mo. 6, Judge TOMPKINS said:

"After having by the most gross negligence suffered a judgment by default to go against himself, he comes in to claim that indulgence which can be shown only to the diligent." ·

Whether a default judgment was rendered in a case where service was had in this or in another state, "good cause" must be regarded as the same.

Defendant has offered no reason or excuse why he did not appear in the partition suit, although summoned by mail with a copy of the petition, which warned him that plaintiff not only sought to have said land partitioned, but sought to have defendant's part of said land impressed with such claimed $3,000.00 judgment against defendant. There is nothing in said motion indicating inability on defendant's part to appear and contest plaintiff's claim, or any reason at all why he did not contest plaintiff's claim.

Had defendant contested such partion suit, without necessarily appearing generally, he not only could have prevented said $3,000.00 judgment from being declared a special lien on his interest in the land, if he is correct in his contention that such judgment for $3,000.00 was improper, but the court would have required that the other parties be brought into court, if defendant was correct in saying that such other parties had an interest in said land.

Notwithstanding the fact that defendant had all this knowledge, he did not appear, either generally or specially, and waited in his Mississippi home, until after such judgment was entered and his property sold, before making any objections in his petition for review, and then alleged no reason, outside of what he considered good defenses to the claim of plaintiff, why he did not contest plaintiff's claim.

It is not enough that service on a defendant by mail, together with a copy of the petition, be construed as constructive service only, and that the judgment rendered on such constructive service can be set aside, vacated and reviewed in a proper application. Such defendant must also show in his petition for review "good cause for setting aside such judgment." Section 1247, Revised Statutes Missouri, 1939. See also cases above set out.

We are deeply sympathetics with defendant's statement in his brief that he "returned to the state of Missouri and discovered that more than just a divorce had taken place during his absence," and that "being a man of limited education and of little understanding of the legal papers he had received, he knew that he had lost a wife, but only now was it brought home to him that he had been stripped of his property, all of it, both real and personal."

We do not feel that defendant has shown any good cause *in his petition for review* for his failure to appear. It may be true that defendant has lost a wife and has been stripped of all of his property, but such facts are not proven, or even set out in his petition for review. It is therefore unnecessary for us even to consider the sufficiency of such facts alleged solely in his brief.

So we are forced to the conclusion that the trial court did not err in overruling defendant's petition for review, and must affirm the order appealed from.

It is so ordered. *Fulbright, P. J.*, and *Vandeventer, J.*, concur.