**420**

Marcella Rose SCHMIDT and Olin R. H. Schmidt, Her Husband, Plaintiffs-Appellants,

v.

Marie VOSS and Raymond A. Voss, Her Husband, Lorraine Holk and Charles Holk, Her Husband, Edward J. Strebler and Mable T. Strebler, His Wife, and Frances Saporita and Frank Saporita, Her Husband, Defendants-Respondents.

No. 31972.

St. Louis Court of Appeals.

Missouri.

June 15, 1965.

Edward O. Hancock, St. Louis, for plaintiffs-appellants.

Joseph A. Herbers, St. Louis, for defendants-respondents.

BRADY, Commissioner.

The sole issue presented by this appeal is whether the trial court had authority to tax one-half the costs in a partition action against the appellants who had a one-fifth interest in the property as heirs at law of the deceased. The parties will be referred to by their designation in the trial court.

The facts are very simple. The plaintiff, Marcella Rose Schmidt, together with the defendants Marie Voss, Lorraine Holk, Edward J. Strebler and Frances Saporita, were the heirs at law of Louis J. Strebler, who died intestate while owning a piece of real property in the City of St. Louis. The other parties are the husbands and wife of these heirs. The plaintiffs filed a partition suit with regard to this property. At the conclusion of the hearing the trial court ordered that the parties be granted sixty days in which to sell the property at private sale and if no sale was made by that time, a partition sale was to be held. The plaintiffs selected a real estate agent and the defendants selected another. A firm offer of $11,000.00 for the property was obtained but the plaintiffs refused to sell at that figure. No better offer was obtained during the specified period and the property was ultimately sold at public sale for $9,525.00.

When the report of the sale was filed, the court stated: "I want the record to show that I am dividing the costs in this case one-half to be paid by the plaintiff and one-half to be paid by the defendant and the reason I am doing this is based upon the information that has come to me regarding the uncooperative methods of the plaintiff in the case. Be sworn, Mr. Herbers." Herbers' testimony was to the effect that there was a firm offer of $11,000.00 which was rejected by plaintiffs and that the plaintiffs were informed of this offer by their counsel. The costs of the sale were then reported to the trial court which entered its order approving the costs and sale and allowing fees to

the special commissioner who sold the property and to plaintiffs' attorney. The order then provided: "Clerk directed to have file taxed for court costs and said court costs, including all allowances and necessary expenses to be taxed equally against the plaintiffs and defendants."

When the trial court indicated what its order was to be, the plaintiffs' counsel objected and after the order was entered, plaintiffs filed their motion to set it aside and to tax costs based upon the respective interests of the parties; i.e., one-fifth to each. The trial court heard testimony on this motion. From this it appeared the property was appraised at $12,500.00 for inheritance tax purposes. The appraisal at this figure occurred over a year prior to the sale. It also appeared that the real estate brokers listed the property at $14,000.-00. Plaintiffs then requested the trial court to set aside the previous order and tax the plaintiffs costs at one-fifth of the total. The trial court stated: "Mr. Hancock, you left something out here. I didn't make that order and come to that decision because they refused to sell the property. I made that decision based on information that had come to me that you and your client had refused to cooperate at any time in the case and that your client said that he would do everything possible to make this situation unharmonious as far as the four defendants are concerned. I want you to come in Chambers and I want the Reporter to read that testimony back to you." It does not appear from the transcript which testimony the court referred to. It does appear that some testimony was read. By their statement of facts in their briefs filed with this court the parties agree that it was Mr. Herbers' testimony that was read. The trial court denied plaintiffs' motion and this appeal followed.

Sec. 514.220, RSMo 1959, V.A.M.S., is the same as Civil Rule 77.21, V.A.M.R., and, in that part pertinent to the issue here presented, provides: "In all cases founded on the statutes concerning the partition of lands, the costs shall be paid by the parties plaintiff and defendant, according to their respective interests in the lands which may be the subject of the proceedings; * * *." This language is clear and unequivocal. It requires no resort to the rules of statutory construction to ascertain its meaning. Applied to the factual situation in the instant case it requires costs to be taxed on the basis of the one-fifth interest held by each of the parties here involved. Cooper v. Garesche, 21 Mo. 151; Oxley v. Oxley, 239 Mo.App. 894, 203 S.W.2d 134, 1. c. 137. Citing Devoto v. Devoto, Mo.App., 39 S.W.2d 1083, the defendants contend the trial court, under its power to adjust the equities between the parties, had authority to tax the costs in accordance with its order. Of course Devoto cannot be construed to be authority for any such contention. In that case the equities to be adjusted were the claims of each of the parties as to certain sums allegedly due to the other. There was no dispute as to the division of the proceeds of the partition sale nor as to the assessment of costs both of which matters proceeded directly upon the interest of the party in the property as required by Sec. 514.220, supra. As in Davidson v. I. M. Davidson Real Estate & Investment Co., 249 Mo. 474, 155 S.W. 1 the equities which the court adjusted dealt solely with the claims of the respective parties to that share of the proceeds of the sale belonging to the other party arising from debts allegedly owed the first party. We can find nothing in these cases nor in any case of which we are aware which would authorize the trial court, under its power to adjust the equities, to tax costs in the manner in which the trial court has proceeded in this case.

The judgment should be reversed and the cause remanded to the trial court with directions to set aside that portion of its order taxing costs and, in lieu thereof, to tax the costs in accordance with the views expressed herein and as provided in Sec. 514.220, supra. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court.

The judgment should be reversed and the cause remanded to the trial court with directions to set aside that portion of its order taxing costs and, in lieu thereof, to tax the costs in accordance with the views expressed herein.

WOLFE, P. J., RUDDY, J., and ROY W. McGHEE, Special Judge, concur.

ANDERSON, J., not participating.