PER CURIAM.
This is an interlocutory appeal by plaintiff from an order of the Circuit Court of Dade County quashing service of process on defendant.
*525 Substituted service was had upon the defendant Wooddell by leaving a copy of the complaint and summons with one Robert Cherry at Wooddell’s residence. The record shows that at the time of the service of process, the residence at 401 Amalfi Avenue, Coral Gables, Florida was owned by and the permanent abode of Wooddell and that at said time it was the permanent abode of Robert Cherry, who had resided there for approximately one year prior to the date of service. He was twenty-seven years of age at the time of service. Upon receipt of the papers he left them for Wooddell on the desk in their home and informed him thereof.
Based upon these facts, the trial judge entered an order granting defendant’s motion to quash process. The reason stated by the court in its order of quashal was that: “Robert Cherry is not a ‘person of the family’ within the purview of the Substituted Service Statute. It is the opinion of this court that the plain language of the Florida Statute 48.031 requires service upon a ‘member of the family’ and that the Legislature did not intend to extend the acceptance of substituted service under Florida Statute 48.031 to a person other than a member of the family and if they had intended otherwise, they would have used the term ‘individual’ rather than ‘member of the family’.”
It is appellant’s contention that the trial court erred in construing the language of the statute, “some person of the family” to require kinship by blood or marriage between the person to be served and the person served. We find merit in appellant’s contention and reverse.
In Couts v. Maryland Casualty Company, 306 So.2d 594 (Fla. 2nd DCA 1973), it was held that kinship by blood or marriage is irrelevant. This holding followed an earlier pronouncement by our Supreme Court in Pyles v. Beall, 37 Fla. 557, 20 So. 778 (1896).
The trial court erred in not construing the language of the statute in question in accordance with the holdings in Pyles and Couts, supra.
Reversed.