**MIDWEST ACCEPTANCE CORPORATION,**
Appellant,

v.

**Danner BLOUNT, Respondent.**

**No. 55998.**

Missouri Court of Appeals,
Eastern District,
Division 1.

Aug. 29, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1989.

Patricia Flood, Clayton, for appellant.

Nancy Quackenbush, St. Ann, for respondent.

CRIST, Judge.

Appellant, Midwest Acceptance Corporation, appeals from an order of the trial court setting aside a default judgment, quashing a garnishment and ordering a refund of garnished funds. We reverse and remand.

Midwest filed suit against respondent, Danner Blount, in the St. Louis County Circuit Court in 1979. Service was made by the sheriff on March 9, 1980. His return service was made:

BY LEAVING A TRUE COPY hereof at the usual place of abode of the defendant D.L. Blount and with a member of his family over the age of fifteen years in the County of St. Louis, State of Missouri, this 9th day of March, 1980.
(L.C. Roommate)
    HAROLD W. HOEH
    Sheriff, St. Louis County
    by SIGNATURE
    Deputy

Based on this return, a default judgment was granted on April 24, 1980, against Blount in the amount of $2,184.68 plus interest and costs. An order for execution and garnishment was issued by the court

on June 15, 1988. On September 15, 1988, Blount filed a motion to quash garnishment and order a refund on the garnished funds for the reason he never received the summons. Blount's affidavit was filed in support of his motion which stated the day service was rendered he was residing at 4347 Walker Lane, Apartment C, with his roommate, Johnny Walker; however, he never received the summons. Blount's motion was sustained on December 12, 1988.

■ Midwest contends the trial court erred in sustaining Blount's motion because service was proper under § 506.150, RSMo·1978 (all further RSMo references are to 1978) in that the sheriff's return shows a summons was left at Blount's usual place of abode with a member of Blount's family over fifteen.

Section 506.150 provided in pertinent part:

[S]ervice shall be made as follows:

(1) Upon an individual ... by delivering a copy of the summons and of the petition to him personally or by leaving a copy of the summons and of the petition at his dwelling house or usual place of abode with some person of his family over the age of fifteen years....

Blount contends Rule 54.22 controls and it permitted introduction of parole evidence to impeach the return because the return does not comport with facts as found by the court. Further, "L.C. Roommate" was written on the return. Both parties agree those words mean "left copy [with] roommate." And, since Blount's parol evidence establishes his roommate was not a member of his family, service is improper.

However, Rule 54.22 was effective on and after August 13, 1984. The default judgment was rendered in 1980. Prior to the adoption of Rule 54.22, a sheriff's return, regular on its face, was conclusive unless the plaintiff aided or knowingly took advantage of a false return. *Howell v. Autobody Color Co., Inc.*, 710 S.W.2d 902, 905 [1, 2] (Mo.App.1986). We will follow the law as it was prior to the adoption of Rule 54.22.

■ Service was rendered at Blount's usual place of abode. It was left with a member of respondent's family over fifteen. The court in *Colter v. Luke*, 108 S.W. 608 (Mo.App.1908), defined the word "family" as applied in cases of process and default judgments as

[a] collective body of persons who live in one house, under one head or manager, including parents, children, and servants and as the case may be lodgers or boarders.... The test to be applied ... is this: If the relation between him and the other persons of the household is of a permanent and domestic character and not intended to be merely temporary, he is regarded as a person of the family on whom constructive service of process against another may be made.

*Id.* at 609. See also: *L.J. Mueller Furnace Co. v. Dreibelbis*, 229 S.W. 240, 242 [4, 5] (Mo.App.1921); *L.S. Douglas v. Hoeh*, 595 S.W.2d 434, 439[6] (Mo.App.1980).

We have found no factually similar Missouri case. However, in *Speer v. Woodell*, 340 So.2d 524 (Fla.App.1976), substituted service was had upon the defendant by leaving a copy of the complaint and summons at defendant's residence with Robert Cherry who also resided there. Cherry had been a resident there for approximately one year prior to the date of service. Default judgment was entered on defendant. The Florida statute required service upon a member of the family. The Florida Court of Appeals held kinship by blood or marriage was irrelevant. Cherry was a member of defendant's family for purposes of service. *Id.* at 525.

Similarly, in *Sanchez v. Randell*, 31 Ill. App.2d 41, 175 N.E.2d 645 (1961), service was had upon defendant by leaving a copy of the complaint and summons with an elderly lady who rented a room from defendant. Default judgment was entered. The statute required service to be rendered on a member of defendant's family. The Illinois Court of Appeals found the elderly woman was not a temporary guest but for all intents and purposes was a permanent resident in the home of defendant. She had common use of the whole house, including

the kitchen and lived with defendant together as a unit and could properly be considered a member of defendant's family for purposes of service. *Id.* 175 N.E.2d at 649.

Finally, in *Sangmeister v. McElnea,* 278 So.2d 675 (Fla.App.1973), service was had upon defendant by leaving a copy of the summons and complaint with Alice Churchill at defendant's usual place of abode. Alice Churchill was the aunt of defendant, a citizen of England, vacationing with her nephew at his residence in Florida. She had been residing with her nephew four months prior to service. The Florida Court of Appeals determined, although a visitor is generally not regarded as a member of the family, one who resides for a substantial period of time may properly be regarded as a member of the family for purposes of service. *Id* at 676–677.

While the sheriff's return was conclusive, the parties agreed Blount and his roommate resided together at the place of service of process. Further, they intended to permanently reside together for the period of a lease. Thus roommate was properly regarded by the sheriff as a member of Blount's family for purposes of service. Respondent's remedy, if any, should have been directed to sheriff and/or roommate.

Blount's motion to supplement the legal file is denied.

Reversed and remanded.

CRANDALL, P.J., and REINHARD, J., concur.