**Michael Jon URNESS, Respondent,**

v.

**Karen Marie URNESS, Kathy Lynn
Urness, Kristine Ann Urness, and
Mark Twain Bank, Appellants.**

No. 59549.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 30, 1992.

Case Transferred to Supreme
Court Sept. 22, 1992.

Case Retransferred to Court of
Appeals Feb. 23, 1993.

Original Opinion Reinstated
March 11, 1993.

Barbara Kemery, Scott O. Marshall, St. Louis, for appellants.

Steven A. Cox, Chesterfield, for respondent.

CRIST, Judge.

Will contest. Donald L. Urness, deceased, had one son and three daughters. He disinherited Son by his will. Son filed a will contest. The jury found the proffered will was not the last will of Decedent. Decedent's daughters appeal. We affirm.

We initially note that Son made a submissible case. Decedent was diagnosed as having a brain lesion and lung cancer in February, 1986. Son elicited testimony at trial from his expert witness that Decedent was mentally ill, paranoid, had a delusional disorder, had a major depression, and "was not of full capacity to recognize in particular his relationship with his son" at the time he signed his will. Decedent apparently had a history of alcohol problems and abuse.

Daughters initially complain the trial court erred in giving two jury instructions, one offered by them and one offered by Son. Daughters did not object to either instruction at trial. Instruction No. 7, offered by Daughters, is as follows:

Your verdict must be that the document in issue is the last will and testament of Donald L. Urness if you believe:

First, the document was signed by Donald L. Urness and declared by him to be his last will and testament, and

Second, that at the time of signing, Donald L. Urness was of sound and disposing mind and memory, and

Third, that the document was attested by at least two witnesses, signing their names to the document in his presence and at his request.

Instruction No. 8, offered by Son, is as follows:

Your verdict must be that the document in issue is not the last will and testament of Donald L. Urness unless you believe that at the time of signing, Donald L. Urness could intelligently weigh and ap-

preciate his natural obligation to the natural objects of his bounty.

The prejudicial effect of an erroneous instruction is primarily a matter for the trial judge. *McTeer v. Clarkson Construction Co., Inc.*, 807 S.W.2d 174, 181[5] (Mo. App.1991). Further, "the lawyer who remains silent is entitled to review under Rule 70.03, but is not entitled to reversal unless prejudice is established." *Goff v. St. Luke's Hospital of Kansas City*, 753 S.W.2d 557, 565[9] (Mo. banc 1988). Daughters have failed to demonstrate that they were prejudiced by either of these instructions. Points denied.

■ In their third point, Daughters contend the trial court erred in sustaining Son's objection to their inquiry regarding the prior inconsistent deposition statement of Son's expert witness. Dr. Edwin Wolfgram testified on the subject of Decedent's ability to discuss his financial affairs in detail. During Daughters' cross-examination, the following questions were asked by Daughters' counsel and answered by Dr. Wolfgram:

Q. ... and you did tell me in your deposition, just briefly, 'I am of the opinion his mental state was of such a nature that he would have difficulty discussing the complexities and intricacies and in an abstract and coherent manner, his holdings.' Is that correct?

A. That's correct. And I make that opinion, because of his psychosis and his disturbance. It's not at all unusual for people that are markedly disturbed to make a perfectly fine impression....

Q. Doctor, why don't we confine ourselves to Page 26 of your deposition, Line 15 where I said, 'But you are saying as far as the abstract, it's your belief he could not have handled his financial affairs at that time?' And your response—

At this point, Son's attorney objected to the question on the ground of lack of foundation. Daughters' attorney then asked:

Q. Well, Doctor, same question, you said this morning that the man would have been able to sit down and discuss his financial matter in some detail with his accountant, with his attorney. On the date I took your deposition on July 7th, 1990, we did have that exchange on page 26, is that correct?

Son's attorney again objected on the ground of foundation and the trial court sustained the objection.

The decision whether to admit deposed testimony rests largely within the discretion of the trial court. *Steenrod v. Klipsch Hauling Co., Inc.*, 789 S.W.2d 158, 170[15] (Mo.App.1990). We find no abuse of discretion here. Dr. Wolfgram's deposition testimony was apparently in response to a substantially different hypothetical question than that asked at trial. Daughters chose not to make Dr. Wolfgram's testimony a part of the record on appeal, and did not make this issue the subject of an offer of proof at trial. Point denied.

■ In their next point, Daughters claim the trial court committed reversible error in sustaining Son's objection to Daughters' attorney's inquiry of Decedent's treating physician regarding Decedent's competence. Doctor saw Decedent on April 8 and May 6, 1987. The will was executed on April 28, 1987. Doctor testified as to the Decedent's soundness of mind, health and treatment on the days Doctor saw him. Doctor also rendered his opinion as to Decedent's understanding of the "ordinary affairs of life" on the date of the execution of the will. Daughters' attorney then asked Doctor whether Decedent was competent to execute a will on April 28, 1987. Son's attorney objected, and the trial court ordered Daughters' lawyer to lay a further foundation. However, Daughters' lawyer made no attempt to do so.

A trial court does not commit reversible error merely by excluding expert testimony that may be relevant and admissible. *Hoffman v. Rotskoff*, 715 S.W.2d 538, 544[2] (Mo.App.1986). The decision whether to allow or exclude expert testimony rests in the discretion of the trial court. *Id.* An appellate court will not overturn that exercise of discretion unless it appears that discretion has been abused. *Id.* In this case, it cannot be said the trial court abused its discretion in merely requesting a

further foundation where Daughters' attorney made no further attempt whatsoever to get that information before the jury. Point denied.

■ In point relied on V, Daughters assert the trial court erred in sustaining Son's objection to their cross-examination of Son regarding a letter he wrote to Daughter Karen Menaugh. In the letter, Son stated his lawyer was conducting an investigation to determine whether it would be worthwhile to contest the will. He further stated that if she had any objections he would drop it; that he would not do it except it "looks like my only shot at getting off the river and getting myself into some kind of order." A trial court has considerable discretion in the exclusion of evidence and, absent abuse of discretion, its action will not be grounds for reversal. *Kelly by Kelly v. Jackson*, 798 S.W.2d 699, 704[8, 9] (Mo. banc 1990). We find no abuse of discretion here.

■ Finally, Daughters assert Son failed to obtain personal service of process on Daughter Kristine Urness within 90 days of the filing of the petition as required by § 473.083.6. Service was made on Kristine by leaving a copy of the process with her sister at the family home. Daughters filed an affidavit showing Kristine had moved from this address. However, the summons on its face shows proper service. Rule 54.22.

Further, Daughters have not furnished us with a transcript of the hearing on the question of service. The trial court could disbelieve the affidavit, and chose to believe the summons which showed proper service. *See Midwest Acceptance Corp. v. Blount*, 777 S.W.2d 645 (Mo.App.1989). Point denied.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.