Celestine SYKES, Petitioner/Respondent,

v.

W.C. SYKES, Respondent/Appellant.

Nos. 69104, 69201.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 4, 1997.

**36**

Ellen Watkins & Associates, P.C., Ellen Watkins, John Bleckman, St. Louis, Jeanne M. Fox, Clayton, for respondent/appellant.

Menees, Whitney & Burnet, James W. Whitney, Jr., St. Louis, for petitioner/respondent.

PUDLOWSKI, Judge.

This is an appeal by husband, W.C. Sykes, from the denial of a motion to set aside a default judgment in a dissolution action. Because service of process was not successful on husband and as such the trial court did not have jurisdiction over him, we reverse.

## I. Background

In January 1995 Celestine Sykes (wife) filed a petition for dissolution of marriage. The petition alleged husband and wife had separated in December 1994 and that wife's residence was 7500 Marillac Drive. Wife requested service on husband at the same address. At the time of filing the petition, wife did not reside at 7500 Marillac, but had in fact moved out in January 1995. She returned on February 17, 1995.

The summons was issued on February 1, 1995. When serving the summons at 7500 Marillac Drive on March 2, the sheriff gave a copy of the petition and a copy of the summons to wife. In filing his return of service on March 3, sheriff recited on the return "L/c w/ wife 6:40 P 3–2." Furthermore, the sheriff noted that he had served the summons "by leaving on the 2nd day of March 1995 for each of the within-named defendants/respondents W.C. Sykes @ 6:40pm a copy of the summons and a copy of the petition at the respective dwelling place or usual place of adobe [sic] of said defendants/respondents with some person of his or her family over the age of 15 years." Husband claims he never received the petition, even though wife claims she gave it to him on March 3.

On April 14, an interlocutory default was granted for wife and trial was set for later that month. On April 25, wife and her attorney appeared for trial. Husband did not appear. After a hearing, the trial court entered a default decree in wife's favor on April 25. The court awarded wife modifiable maintenance and certain property awards. Wife eventually obtained garnishment and wage withholding to satisfy the award of the default judgment.

In September 1995 a hearing was held on husband's motion to set aside the default judgment and on his motion to quash execution of the garnishment and wage withholding. Husband argued he had never received a copy of the summons and petition until after the trial. The trial court denied husband's motions, finding the husband had specific knowledge of the pending dissolution and had received the summons and the petition. From this, husband appeals.

## I. Husband's appeal

A. *Whether the trial court had personal jurisdiction over husband when valid service was never accomplished.*

Husband raises three points on appeal. Because husband's first point is dispositive, we need not address the other two. In his first point, husband argues the trial court lacked jurisdiction to enter its default judgment of dissolution because personal service was insufficient. We agree.

It is well recognized in Missouri that "[a] summons is a means by which a defendant is subjected to the jurisdiction and judgment of the court that has issued the process . . . .

The general rule is that unless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed." *State ex rel. Illinois Farmers Ins. Co. v. Gallagher,* 811 S.W.2d 353, 355 (Mo. banc 1991). In domestic relations litigation, § 452.310.4 RSMo Cum.Supp.1997, explains parties must be served in accord with the rules of civil procedure.

On appeal, husband argues the form of service wife attempted was not in accord with any of the rules of civil procedure. Wife contends, and the trial court agreed, that she had successfully served husband in accord with Rule 54.13(b)(1), which provides:

> **(b)** Personal service within the state shall be made as follows:
>
> (1) On Individual. Upon an individual . . . by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years. . . .

Wife avers in her petition for divorce that her marriage was irretrievably broken. Despite this admission, wife contends that she was a member of husband's family nonetheless for the sake of service. We disagree.

In determining whether an individual is a member of a family for the sake of service, this court has recognized that, "[i]f the relationship [of the individual] is of a permanent and domestic character and not intended to be merely temporary, [the person] is regarded as a person of the family on whom constructive service of process against another may be made." *Midwest Acceptance Corp. v. Blount,* 777 S.W.2d 645, 646 (Mo.App.1989), quoting *Colter v. Luke,* 129 Mo.App. 702, 108 S.W. 608, 609 (1908). Clearly in this instance wife's relationship could not be characterized as permanent. Her very petition sought to end the permanency of the relationship. Thus, for the sake of service of her own petition, wife was not a member of husband's family. Wife's attempt at service was unsuccessful.

While there is no rule regarding service directly addressing the issue in this case, we note this line of reasoning is in accord with the rule of service itself. Rule 54.13(a) provides: "Service of process within the state . . . shall be made by the sheriff or a person over the age of 18 years who is not a party to the action." The very purpose behind preventing one party from serving another party is to prevent a swearing match between the parties as to whether one party actually ever received the petition and summons. *See In re Marriage of Benz,* 669 S.W.2d 274 (Mo. App.1984).

Because service was not valid on husband, the trial court lacked jurisdiction over husband. The order refusing to set aside a default judgment is hereby reversed, the default judgment is quashed and the return of the service of process is quashed and the cause remanded. Any pending writs of execution issued upon the judgment are ordered quashed.

CRANE, P.J., and GERALD M. SMITH, JJ., concur.