Kathryn A. WORLEY, Appellant,

v.

James D. WORLEY, Respondent.

No. SC 82419.

Supreme Court of Missouri,
En Banc.

May 30, 2000.

Donald L. Sanders, Springfield, for appellant.

Richard D. Bender, Springfield, for respondent.

PER CURIAM.[1]

On March 14, 1997, James D. Worley (Father) filed a motion to modify his dissolution judgment. On the same date, the circuit court ordered: "Summons issued back to [Father] for service by special process server." The record does not reflect that Father nominated any particular person as special process server or that the trial judge or circuit clerk specially appointed any individual for the purpose of serving process. The record also does not contain any written request that the summons be delivered to Father, who would be responsible for promptly serving it with a copy of the petition.

On March 20, Father's attorney filed an affidavit of service. The affidavit, signed under oath by Kevin Nichols, recites:

1. That he secured service of a copy of the attached Summons upon Kathryn A. Worley ... by personally delivering her a copy thereof.

2. That said service occurred in Christian County, Missouri on March 16, 1997.

3. That Affiant has no interest in the litigation herein.

According to the docket sheet, Kathryn A. Worley (Mother) did not enter an appearance. On April 17, Father's motion to modify was heard as a default matter, and the dissolution judgment was modified. Judgment for Father was entered June 30, 1997.

On July 30, 1999, Mother made a special entry of appearance, requesting that the judgment be declared "null and void" because she was "never properly served with process." Mother moved the trial court to "quash the purported service of process" because Kevin Nichols was not sheriff, deputy sheriff, or coroner of Christian County, and neither the trial court nor circuit clerk specially appointed him to serve Mother with process. *See section 506.140.*[2] The trial court overruled Mother's motion to quash service and to set aside the judgment. This appeal followed.

---

1. This appeal was originally decided by the Court of Appeals, Southern District, in an opinion by the Honorable Kenneth W. Shrum. Portions of that opinion are incorporated without further attribution.

2. All statutory references are to RSMo 1994.

An initial question is whether there is an appealable judgment. Mother's motion, captioned "Special Entry of Appearance for the Purpose of Quashing Service," sought: (1) an order quashing service and (2) a ruling that the default judgment was null and void. A pleading is judged by its subject matter—not its caption. *McBee v. Gustaaf Vandecnocke Revocable Trust*, 986 S.W.2d 170, 172 (Mo. banc 1999). A trial court order denying a motion to quash service and refusing to set aside the trial court's judgment is an "order in a special proceeding that attack[s] the enforcement of a judgment. As such it is appealable as a 'special order after final judgment in the cause.'" *State ex rel. Houston v. Malen*, 864 S.W.2d 427, 428 n. 1 (Mo.App.1993) (questioned on other grounds in *Brackett v. Laney*, 920 S.W.2d 597 (Mo.App.1996)); *section 512.020.* The judgment here is appealable.

Mother argues that she was not served with process as required by Rule 54.01 and section 506.140. She contends that valid service requires that the trial court appoint any person other than a sheriff, deputy sheriff, or coroner. Here, there is no order appointing Kevin Nichols as process server. Mother also contends that in the absence of such an order, the trial court never obtained personal jurisdiction over her. Mother concludes that the judgment is null and void.

This Court promulgated Rule 54 pursuant to article V, section 5 of the Constitution. This rule supercedes all statutes inconsistent therewith. *Rule 41.02.* Moreover, if a statute authorizes a method of service, service may be made pursuant to the provisions of the statute *or* as provided by Rule 54. *Rule 54.18.*

Rule 54.01 provides two methods for serving process. The first sentence of the rule provides for service by the sheriff or other person specially appointed. The remainder of Rule 54.01 permits a party to request in writing to receive the summons and to be responsible for its prompt service. The second method does not require the appointment of a special process server. Under Rule 54.13(a), service under this method may be made by any person over 18 years who is not a party to the action.

In this case, Father did not make a written request as provided by Rule 54.01. Absent such request, the sheriff or "other person specially appointed" must make service. *Rule 54.01.* In this case, neither the court nor the clerk specially appointed Kevin Nichols. *Section 506.140.* Since he was not so appointed, he did not have the authority to serve process on Mother.

Only by service of process authorized by statute or rule (or by appearance) can a court obtain jurisdiction to adjudicate the rights of a defendant. *Roberts v. Johnson*, 836 S.W.2d 522, 524 (Mo.App. 1992). "When the requirements for manner of service are not met, a court lacks power to adjudicate." *State ex rel. Plaster v. Pinnell*, 831 S.W.2d 949, 951 (Mo.App. 1992). Actual notice is insufficient. *Id.* "Satisfying minimum standards of due process ... does not obviate the necessity of serving process in the manner prescribed in our statutes and rules." *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 196 (Mo. banc 1992).

Father argues that Mother waived her claims of invalid service of process and lack of personal jurisdiction by not raising these defenses in a timely motion or other pleading. This argument, based on Rule 55.27(g)(1)(B), is rejected. A defending party who wishes to raise defenses of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process must do so either in a pre-answer motion or in the party's answer. However, the waiver provisions of Rule 55.27(g)(1)(B) are not triggered where a defendant does not appear.

[A] defendant over whom the trial court could not otherwise constitutionally acquire jurisdiction does not waive the jurisdictional defense merely by ... nonappearance. Two fundamental pre-

cepts must be borne in mind. First, a personal judgment rendered by a court without personal jurisdiction over the defendant is void and may be attacked collaterally. Second, a defendant 'is always free to ignore the judicial proceedings, risk a default judgment and then challenge that judgment on jurisdictional grounds in a collateral proceeding.' ... Were we to hold that appellant waived the personal jurisdiction defense merely by failing to appear, it would produce the anomalous result that a defendant who has the right to ignore a judicial proceeding waives that right by asserting it. *Nonappearance, therefore, cannot constitute waiver.*

*Crouch v. Crouch*, 641 S.W.2d 86, 90 (Mo. banc 1982) (emphasis added) (citations omitted).

The trial court erred in overruling Mother's motion to quash service and failing to set aside the default judgment. The judgment is reversed and remanded, and the trial court directed to quash the purported service of process and set aside its June 30, 1997, default judgment against Kathryn A. Worley.

All concur.