**WEST PUBLISHING CORPORATION, Respondent,**

v.

**Daniel D. PHILLIPS, Appellant.**

**No. WD 58006.**

Missouri Court of Appeals, Western District.

Nov. 14, 2000.

Ronald K. Barker, Kansas City, for appellant.

Linda S. Tarpley, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., ULRICH and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Judge.

Daniel Phillips appeals the default judgment against him and in favor of West Publishing Corporation on West Publishing's petition on account. The trial court awarded West Publishing $40,376.15 plus costs. Mr. Phillips claims that the trial court erred in entering judgment against him because the court did not have personal jurisdiction. Specifically, Mr. Phillips argues that he was never properly served because the summons and petition were left at his former residence with a non-family member who was under the age of 15 at the time, contrary to the requirements of Rule 54.13(b)(1). Mr. Phillips raised his claim of defective service in a motion to quash summons and personal service, which the court denied prior to entering the default judgment against him.

" 'When the requirements for manner of service are not met, a court lacks power to adjudicate.' " *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000) (quoting *State ex rel. Plaster v. Pinnell*, 831 S.W.2d 949, 951 (Mo.App.1992)). Without personal jurisdiction over the defendant, a personal judgment rendered against the defendant is void. *Worley*, 19 S.W.3d at 130. West Publishing did not file a respondent's brief in this case. Instead, West Publishing sent a letter to this court in which it conceded that proper service was never obtained upon Mr. Phillips, and that the entry of the default judgment was improper.

Accordingly, the judgment of the trial court is reversed and remanded, and the trial court is directed to quash the purported service of process and set aside its November 3, 1999, default judgment against Mr. Phillips.

All concur.