Christian Gerhard REISINGER,
Respondent,

v.

Guadalupe REISINGER, Appellant.

No. ED 77769.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 13, 2001.

Anthony B. Ramirez, Cynthia Smuda, St. Louis, MO, Attorney for Appellant.

Deborah J. Tomich, Jane E. Tomich, St. Charles, MO, Attorney for Respondent.

SIMON, Judge.

Guadalupe Reisinger (Wife) appeals from the judgment of dissolution of marriage and award of legal and physical custody of their son to Christian Gerhard Reisinger (Husband) by the Circuit Court of St. Charles County.

On appeal, Wife contends that the trial court erred in finding that it had: 1) jurisdiction to make a child custody determination under the Uniform Child Custody Jurisdiction Act (UCCJA), § 452.440, et seq. RSMo.1997 and 2) personal jurisdiction because service of process was improper. Judgment reversed and remanded with directions to dismiss for lack of personal jurisdiction.

Our review is controlled by the standard set in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law.

Husband and Wife were married in the State of New Mexico on August 8, 1998 and remained there for one or two weeks after the marriage. They then moved to Missouri and lived in a trailer home located at 1421 Stonecreek Valley Circle, O'Fallon, Missouri, for about six weeks. On September 19, 1998, Husband discovered that Wife was pregnant and the couple separated on November 1, 1998. Wife continued to live in the trailer home for several months after the separation. In April 1999, Wife rented the trailer home to third parties and stayed with her sister in Missouri and on April 24, 1999, moved back to New Mexico and lived with her family. On May 6, 1999, while Wife was pregnant, Husband filed a petition for dissolution of marriage.

On May 17, 1999, Husband filed a Motion for Mandatory Injunction, alleging that Wife would not provide him with information regarding the status of their unborn child and requested the court to order Wife to share information about the pregnancy. On the same date, Husband requested an alias summons be ordered to issue upon Wife at: 1421 Stonecreek Valley Circle, O'Fallon, MO 63366. On May 19, 1999, the clerk of the Circuit Court, appointed "Don Volmert" of Investigations Unlimited, Inc. as the special process server to serve the alias summons. On May 29, 1999, Wife gave birth to the parties' son in the State of New Mexico.

The record does not indicate if the sheriff made a return on an initial summons directed to Wife. The return on the alias summons was made on a form containing the logo for "Investigations Unlimited" at the top, the style of the case and an affidavit indicating that "Dana I. Dawson, Appointed by the Court as a Special Process Server," served Wife on June 8, 1999 at 4:20 p.m. Further, the return of service provides that the special process server "... served ... Guadalupe Reisinger named in the subpoena/summons, issued by the Court pursuant to the statutes of

the State of Missouri regarding special process service, by personally (HANDING) (TOUCHING) (READING) (POSTING) (REFUSAL) (COPY) the subpoena/summons to _____" The word "COPY" is underlined. The blank appearing after this excerpt, which is reserved for a name, contains the following information: "Talked to Defendant on Phone. Said she· was in New Mexico with her Mother. She told me to leave the summons and the motion for mandatory injunction and notice at address and she would get it."

The boxes reserved to indicate the race, sex, age, height and weight of the person(s) who received the subpoena/summons were not checked and the word "decline" is written next to the blank reserved for the recipient's signature. Dana I. Dawson signed the return and Sherry Budd notarized it on June 9, 1999.

On June 16, 1999, Husband filed a Motion for Temporary Custody, Support Money, Attorney's Fees, Suit Money, Restraining Order and Costs Pendente Lite and Affidavit in Support Thereof. At a hearing on July 9, 1999, Wife was ordered to provide certain information about the infant and the circumstances of his birth by July 23, 1999.

On July 23, 1999, Wife filed a Motion to Quash Service of Process or, in the alternative, Motion to Dismiss Due to Insufficiency of Service of Process, pursuant to Rule 55.27(a)(5). In her motion, Wife alleged that: 1) she did not reside at the address indicated on the summons and did not authorize the individuals residing at the stated address to accept service on her behalf; 2) she resided in New Mexico and said summons should have been for out-of-state service; and 3) service was improper and therefore *in personam* jurisdiction was not obtained.

On July 28, 1999, Husband filed a Motion for Contempt and an Order to Show Cause alleging that Wife had failed to timely provide the information ordered by the court in its order of July 9, 1999. On

August 5, 1999, a hearing was conducted on Husband's and Wife's motions. Both parties were represented by counsel. The trial court granted primary legal custody and physical custody of the infant to Wife and scheduled temporary custody and visitation for Husband. In addition, Wife's Motion to Quash Service of Process, or in the Alternative, Motion to Dismiss Due to Insufficiency of Service of Process were overruled.

Between August 5, 1999 and January 6, 2000, Husband filed two additional Motions for Contempt, alleging in each that Wife had failed to provide temporary custody and visitation consistent with the order of August 5, 1999. On September 9, 1999, a hearing was held on Husband's Second Motion for Contempt. The trial court held Wife in contempt of its order of August 5, 1999 for failure to produce the infant for visitation on August 29, 1999 and ordered Wife to appear in court on September 20, 1999 with the infant.

On September 15, 1999, Wife filed her Answer to the Petition for Dissolution of Marriage and Counter–Petition for Dissolution of Marriage with Parenting Plan, a Motion for Temporary Child Support, Maintenance, Attorney's Fees Suit Money and Costs Pendente Lite; her Answer to Husband's Second Motion for Mandatory Injunction, and her Answer to Husband's Motion for Temporary Custody, Support Money, Attorney Fees, Suit Money, Restraining Order and Costs Pendente Lite; and her Verified Answer to Husband's Second Motion for Contempt. In the latter document, Wife alleged that the court did not have jurisdiction over the infant pursuant to the Uniform Child Custody Jurisdiction Act and therefore lacked jurisdiction over the issue of child custody. Wife brought the infant to Missouri to comply with the orders of August 5, 1999 and September 9, 1999 scheduling temporary custody and visitation for the period September 17, 1999 through September 19, 1999.

On October 7, 1999, a hearing was held on Wife's Motion for Orders Pendente Lite. Husband was ordered to pay child support in accordance with Form 14 to Wife.

On November 4, 1999, a hearing was conducted on Husband's Third Motion for Contempt alleging that Wife failed to provide temporary custody and visitation pursuant to the court's order of August 5, 1999. The trial court sustained the motion and ordered transfer of the physical custody of the infant from Wife to Husband.

On November 17, 1999, Wife filed a Motion to Set Aside Judgment and Order of Contempt alleging that she was financially unable to transport the child in accordance with the judgment and that the transfer of custody would disrupt the infant's treatment for his congenital medical condition. On November 19, 1999, the trial court denied Wife's Motion to Set Aside Judgment and ordered Wife to reside with infant in St. Charles County until further order of the court. Wife moved back to Missouri to comply with this order.

On January 10, 2000, following hearings, the trial court found that it had jurisdiction over the parties and entered a judgment. Further, the trial court found that Wife's testimony was not credible; her desire to frustrate Husband's relationship with the infant motivated Wife's move to New Mexico and Wife knowingly and willfully violated the August 5, 1999 visitation order. The court ordered primary legal and physical custody of the minor child to Husband and ordered Wife to pay child support to Husband in the amount of $290.00 per month.

■ Due to the dispositive nature of Wife's second point, we shall consider it first. In her point, Wife contends that the trial court misapplied the law in finding that it had personal jurisdiction because service of process was improper in that she was not properly served with process. She argues that despite knowing that she was living in New Mexico, Husband direct-ed his special process server to attempt service in St. Charles County. Although the special process server claims she spoke to Wife on the telephone, Wife contends that the process server could not identify the voice on the telephone as being hers. Secondly, Wife argues that service of process was not adhered to strictly, as is required by statute, in that Wife did not have summons handed to her, nor was it left with a member of her family over the age of fifteen or an agent. Third, Wife claims that the service attempted did not meet the requirements of Supreme Court Rule 54.13 for in-state service. Fourth, Wife asserts that the service attempted did not meet the requirements of Supreme Court Rule 54.14 for out-of-state service in that Wife should have been served in New Mexico and service was not attempted in that state. Finally, Wife maintains that she preserved the issue of the trial court's jurisdiction in that she made no general appearance and prior to answering the petition, she raised the issue of jurisdiction.

In response to Wife's second point, Husband contends that the trial court did not err because service of process was accomplished when the special process server delivered a copy of the summons and petition to Wife's tenants, who had apparent authority to receive the service of process on her behalf.

■ This court has a duty to determine its jurisdiction *sua sponte*. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo.banc 1997). Proper service of process must be accomplished before a court can obtain jurisdiction over the person or property of a defendant. *In the Interest of K.K.M.*, 647 S.W.2d 886, 889 (Mo.App. E.D.1983). "Satisfying minimum standards of due process does not obviate the necessity of serving process in the manner prescribed in our statutes and rules." *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 196 (Mo.banc 1992). A judgment entered without personal jurisdiction over a party

is void. *Metmor Financial, Inc. v. Leggett*, 787 S.W.2d 733 (Mo.App. E.D.1989). Although Wife raised the issue of improper service as a basis for lack of jurisdiction in her second point, we will find a lack of personal jurisdiction on a different ground than raised by Wife.

Section 506.140 RSMo.1994 (all further references herein shall be to RSMo.1994 unless otherwise indicated) provides:

Service of process, except as otherwise provided, shall be made by a sheriff, or such sheriff's deputy, or in case the sheriff in any cause is for any reason disqualified, *then process may be issued to and served by* the coroner of the county in which such process is to be served; or *some person, other than a sheriff or coroner, may be specially appointed by the court or the circuit clerk following procedures established by local court rules for service of process in any cause* . . . (Emphasis added.)

Section 506.180 provides: "if service of . . . process is, by order of the court, directed to and delivered *to a person,* other than an officer, for service, *such person* shall make affidavit as to time, place and manner of his service thereof." (Emphasis added.)

Additionally, Rule 54.01 and Rule 54.13 pertain to special process servers. Rule 54.01 provides that ". . . the clerk shall issue summons or other process and unless otherwise provided, deliver it for service to the sheriff *or other person specially appointed to serve it.*" (Emphasis added.) Rule 54.13 provides that "service of process within the state shall be made by the sheriff *or a person over 18 who is not a party to the action.*" (Emphasis added.)

 "A party who elects to use a special process server does so at his or her own risk and bears a heavy burden of showing that every procedural requirement for service of process via a 'specially appointed' individual has been met." *Walker v. Gruner*, 875 S.W.2d 587, 588 (Mo.App. E.D.1994). "A return must show on its face that every requisite of the rule

has been complied with and may not be aided by intendments or presumptions." *See v. Nesler*, 692 S.W.2d 7, 8 (Mo.App. E.D.1985). "The special process server's return, unlike a sheriff's, is not presumed conclusive." *Taylor v. Taylor*, 742 S.W.2d 630 (Mo.App. E.D.1988).

In accordance with § 506.140, the clerk of the Circuit Court appointed "Don Volmert" of Investigations Unlimited, Inc. as the special process server for Husband, at his request. However, Dana I. Dawson made affidavit as to time, place and manner of service.

 Service is improper where a return shows that a writ was not served by a person authorized to serve it. *Clauson v. Tipton*, 147 S.W.2d 148, 150 (Mo.App. S.D.1941). "A service of a summons made by a deputy sheriff in his own name is bad, and that a judgment rendered in pursuance thereof is erroneous." *Id.; State ex rel. Bond v. Fisher*, 230 Mo. 325, 130 S.W. 35, 39 (1910); *Deichmann et al. v. Hogan*, 26 S.W.2d 874 (Mo.App.1930).

In *Clauson*, the writ was directed to the sheriff or any constable of Brooking Township.

The return shows that it was not executed by any officer to whom it was directed. It is signed 'J.B. Rush, D.S. Constable.' The fact that the word 'constable' was marked out on the return indicates that J.B. Rush was not a constable. The letters 'D.S.,' might indicate that Rush was a deputy sheriff; but it is no evidence that he was either a constable or sheriff. There in no evidence that the writ was ever served by a person authorized to serve it. Such a return is not evidence that legal service was ever obtained.

*Clauson,* 147 S.W.2d at 150.

Here, the appointed special process server, Don Volmert, was the person authorized to serve the summons and petition but did not do so. Therefore, the return of service by Dana I. Dawson is not evidence that legal service was ever obtained.

It is unclear whether the appointed special process server, Don Volmert of Investigations Unlimited, Inc., delegated his authority to Dana I. Dawson. In any event, if Don Volmert had delegated his authority, it was not permissible. Husband failed to meet the statutory requirements of service of process and did not sustain his burden of showing the return to be conclusive.

Since service of process was improper, the trial court's judgment was entered without personal jurisdiction and is void. Therefore, this court does not have personal jurisdiction. Judgment reversed and remanded with directions to dismiss for lack of personal jurisdiction.

MOONEY, P.J. and SULLIVAN, J., concur.