**Judith A. STEWART,**
**Claimant/Appellant,**

v.

**ST. ANTHONY'S MEDICAL CENTER**
**and Division of Employment**
**Security, Respondents.**

**No. ED 81644.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 1, 2002.

Judith A. Stewart, Arnold, pro se.

St. Anthony's Medical Center, St. Louis, pro se.

Larry R. Ruhmann, St. Louis, MO, for respondents.

**LAWRENCE E. MOONEY,** Chief Judge.

Judith Stewart, the claimant, appeals the decision of the Labor and Industrial Relations Commission regarding her claim for unemployment benefits. The Commission affirmed the decision of the Appeals Tribunal, which disqualified her from receiving unemployment benefits after concluding she had been discharged for misconduct connected with work. We conclude the claimant's notice of appeal to this court is untimely and dismiss the appeal.

This court has a duty to determine its jurisdiction sua sponte. *Reisinger v. Reisinger*, 39 S.W.3d 80, 83 (Mo.App. E.D. 2001). The right of appeal is purely statutory and where statutes do not give such a right, no appeal exists. *Labrier v. Anheuser Ford, Inc.*, 621 S.W.2d 51, 53 (Mo. banc 1981). Under section 288.200.2, RSMo 2000, the Commission's decision is final ten days after the date of mailing of the decision to the parties. The notice of appeal to this court was due within twenty days after the decision of the Commission became final. Section 288.210, RSMo 2000.

In the case at hand, the Secretary of the Commission mailed its decision to the claimant on July 12, 2002. The decision became final ten days later on July 22, 2002. The claimant's notice of appeal was due twenty days thereafter on Monday, August 12, 2002. Section 288.240, RSMo 2000. The claimant's notice of appeal filed on August 15, 2002 is untimely. Under section 288.210, the legislature provided no procedure to seek a special order to file a late notice of appeal. *Phillips v. Clean-Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D. 2000).

The procedures outlined for appeal by statute in unemployment security cases are mandatory and an untimely appeal divests this Court of jurisdiction to entertain the claimant's appeal. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The appeal is dismissed for lack of a timely notice of appeal.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.