**Dorrie K. MAUL, Respondent,**

v.

**Harry D. MAUL, Appellant.**

**No. ED 80416.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 2003.

Bernard F. Edwards, Jr., St. Louis, MO, for Appellant.

Karen Tate Umbles, Florissant, MO, for Respondent.

BOOKER T. SHAW, Judge.

Harry D. Maul ("Husband") appeals from the trial court's judgment denying his motion to set aside a default judgment entered in favor of Dorrie K. Maul ("Wife") on her petition for dissolution of marriage. Husband argues the trial court erred in not granting his motion to set aside the default judgment because the court lacked personal jurisdiction over him due to improper service of process. We reverse and remand with directions to dismiss for lack of personal jurisdiction.

Wife filed a petition for dissolution of marriage against Husband in the Circuit Court of St. Louis County. On April 30, 2001, Wife filed a request for appointment of a special process server to serve her petition, which was granted. The only person named in this request was Augustus Cotten, Jr. ("Cotten"). The return of service filed with the trial court, dated May 22, 2001, stated service was made on Husband by Antionette Kovar ("Kovar"), a woman employed in Cotten's office. The return of service was notarized by Cotten.

On August 14, 2001, as a result of Husband's failure to appear in court, a default judgment was entered against him on Wife's petition. Husband then filed a motion to set aside the default judgment and argued the trial court lacked jurisdiction over the parties because neither Husband nor Wife was a resident of St. Louis County. At the hearing on his motion to set aside the judgment, Husband testified that Kovar served him with Wife's petition, not Cotten.

In Husband's only point on appeal, he argues the trial court erred in not granting his motion to set aside the default judgment because the court lacked personal jurisdiction over him due to improper service of process. Wife responds that Husband failed to preserve for appellate review the defense of lack of personal jurisdiction on the theory of improper service of process because he did not present this specific theory to the trial court. We disagree.

We have a duty to determine our jurisdiction *sua sponte*. *Reisinger v. Reisinger*, 39 S.W.3d 80, 83 (Mo.App. E.D. 2001). "[A] personal judgment rendered by a court without personal jurisdiction over a defendant is void and may be attacked collaterally." *Crouch v. Crouch*, 641 S.W.2d 86, 90 (Mo.1982). "Proper service of process must be accomplished before a court can obtain jurisdiction over the person or property of a defendant." *Reisinger*, 39 S.W.3d at 83 (Mo.App. E.D.

2001). A court lacks the power to adjudicate when the requirements for proper service of process are not met. *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo.2000). Mere actual notice is not sufficient. *Id.*

In *Reisinger,* this Court held the trial court lacked personal jurisdiction over appellant on grounds different from those raised by appellant before the trial court. *Reisinger,* 39 S.W.3d at 84. In that case, the appellant argued both before the trial court and on appeal that the trial court lacked personal jurisdiction over him based on improper service of process because she was not served at the proper location. *Id.* at 82, 83. Nonetheless, this Court reversed the trial court's judgment for lack of personal jurisdiction over the appellant based on improper service of process because service was made by an unauthorized person, not that service was made at an improper location. *Id.* at 84, 85. Specifically, this Court held "[s]ince service of process was improper, the trial court's judgment was entered without personal jurisdiction and is void. Therefore, this Court does not have personal jurisdiction." *Id.* at 85. Similarly, here, Husband did not specifically assert in his motion to set aside the default judgment a lack of personal jurisdiction based on improper service of process because it was made by an unauthorized person. Nonetheless, we review this basis for lack of personal jurisdiction because if service of process was made by a person not appointed to do so by the trial court, the trial court's judgment was entered without personal jurisdiction and is void.

██ Missouri Revised Statute Section 506.140 states that "[s]ervice of process ... shall be made by a sheriff, or such sheriff's deputy ... or *some person ... may be specially appointed by the court ..., but such appointment shall be valid for service of the process only for which*

*such person was specially appointed."* Section 506.140, RSMo 2000 (emphasis added). When a party elects to use a special process server, that party bears the burden of showing that all of the procedural requirements for proper service of process have been met. *Reisinger,* 39 S.W.3d at 84. Unlike a sheriff's return of service, a return of service made by a special process server is not presumed conclusive. *Id.* If a return of service shows it was not served by a person authorized to do so, service is improper. *Id.* Delegation of the authority to serve a return of service is not permissible. *Id.* at 85. In *Worley,* this Court held the trial court lacked personal jurisdiction over defendant and its judgment was void because the individual who served the defendant was not appointed by the trial court to do so. *Worley,* 19 S.W.3d at 129, 130 (Mo. 2000).

██ Here, Wife filed a request for appointment of Cotten as special process server, which was granted. However, because service of process was actually made by Kovar and not Cotten, the designated special process server, service of process was improper. Therefore, the trial court lacked personal jurisdiction over Husband and the trial court's judgment is void.

Judgment of the trial court is reversed and remanded with directions to dismiss for lack of personal jurisdiction.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., Concurs.