

# Missouri Court of Appeals
## Southern District
### Division Two

FOCUS BANK,                              )
                                         )
    Plaintiff-Respondent,         )
                                         )
vs.                                      )    No. SD34499
                                         )
JANE MARIE SCOTT,                        )    Filed December 2, 2016
                                         )
    Defendant-Appellant.          )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable S. Rob Barker

REVERSED AND REMANDED WITH DIRECTIONS

Jane Marie Scott ("Defendant") appeals from a judgment denying her motion to set aside a default judgment entered against her, claiming that the default judgment is void because Defendant was not served with process in a manner and form authorized by statute. *See* Rule 74.06(b).[1] Finding merit in her claim, we reverse and remand.

On March 31, 2015, Focus Bank ("Bank") filed suit under chapter 517 in an attempt to obtain a deficiency judgment after repossessing and selling a vehicle that was collateral securing a promissory note on which Defendant allegedly defaulted.[2] On April 27, 2015, Defendant was

---

[1] All rule references are to Missouri Court Rules (2016). Rule 74.06(b) provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: . . . (4) the judgment is void[.]"

[2] All statutory references are to RSMo 2000, unless otherwise noted.

1

served with the petition and summons directing her to appear for a hearing scheduled for May 5, 2015. On that date, Defendant did not appear, and the hearing was continued to June 2, 2015. After Defendant failed to appear for the rescheduled hearing, the trial court entered a default judgment against her.

Defendant moved to set aside the default judgment on May 24, 2016, alleging that service was improper in that she was summoned to appear only eight days from the date of service, which was less than the ten-day minimum provided under section 517.041.1.[3] This defect, Defendant contends, rendered the trial court's default judgment void for lack of personal jurisdiction. The trial court entered its written judgment denying Defendant's motion to set aside, and Defendant appeals.

In her sole point relied on, Defendant contends, "The trial court erred in denying Defendant's motion to set aside the default judgment because the default judgment is void in that Defendant was not served with process, or summoned, in a manner and form authorized by statute." Bank did not file a brief in this appeal but notified this court via correspondence that "it believes the relief requested by [Defendant] is appropriate under the circumstances."

> A trial court's ruling on a rule 74.06(b) motion is in the nature of an independent proceeding and is appealable. Normally, a court's action under Rule 74.06(b) is reviewed for abuse of discretion. However, as the determination of personal jurisdiction is a question of law, whether a judgment is void on jurisdictional grounds under Rule 74.06(b)(4) is subject to de novo review. Finality of judgments is favored and the concept of a void judgment is narrowly restricted. A judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process.

*Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015) (quotation marks and internal citations omitted).

---

[3] All references to section 517.041 are to RSMo Cum.Supp. 2009.

Personal jurisdiction refers to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). "A summons is a means by which a defendant is subjected to the jurisdiction and judgment of the court that has issued the process." *State ex rel. Illinois Farmers Ins. Co. v. Gallagher*, 811 S.W.2d 353, 354 (Mo. banc 1991). "Inherent in our law has long been the concept that the underlying principle of a summons is to place a defendant on notice of an action filed against the defendant to enable the defendant to appear and defend against the action." *Hometown Lumber & Hardware, Inc. v. Koelling*, 816 S.W.2d 914, 916 (Mo. banc 1991). "Proper service of process must be accomplished before a court can obtain jurisdiction over the person or property of a defendant." *Reisinger v. Reisinger*, 39 S.W.3d 80, 83 (Mo.App. 2001). "Absent a general appearance or other waiver of process by the defendant, there must be service of process in an authorized manner in order for the court to acquire jurisdiction to determine the rights and liabilities of the defendant." *Shapiro v. Brown*, 979 S.W.2d 526, 528 (Mo.App. 1998).

Chapter 517 sets out provisions that "apply to the practice and procedure in [certain] civil cases originally filed before associate circuit judges." Section 517.011.1. In the underlying action, service of process is governed by section 517.041.1, which provides:

> The process in all cases shall be a summons with a copy of the petition of the plaintiff attached, directed to the sheriff or other proper person for service on the defendant. The summons shall command the defendant to appear before the court on a date and time, not less than ten days nor more than sixty days from the date of service of the summons.

Section 517.041.1 mandates a minimum of ten days between the date summons is served and a hearing is scheduled in order to provide a defendant adequate notice and time to prepare a defense. That did not happen here as Defendant was summoned to appear on May 5, 2015, only eight days after the summons was served.

3

"Where the statutorily prescribed requirements for process and the manner of service are not met, the court in which the action is pending is without power to adjudicate[,]" ***Finnigan v. KNG Invs., Inc.***, 158 S.W.3d 808, 810 (Mo.App. 2005), and any "judgment entered without personal jurisdiction over a party is void[,]" ***Reisinger***, 39 S.W.3d at 83-84; *see, e.g.*, ***Worley v. Worley***, 19 S.W.3d 127, 128–30 (Mo. banc 2000) (finding that because service of process had not been conducted in conformity with the provisions of section 506.140, RSMo 1994, the trial court's entry of a default judgment was void and its failure to set aside was reversible error).

In this case, service of process did not comply with the requirements of section 517.041.1.  The trial court, therefore, had no authority to proceed, and the default judgment it rendered was void from its inception and should have been set aside.  The trial court's judgment denying Defendant's motion to set aside the default judgment is reversed and the matter remanded with directions to grant that motion.


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, JR., J. – concurs

4