**Paula KILLINGHAM, Respondent,**

v.

**William H. KILLINGHAM, Appellant.**

### ED 104868

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: October 17, 2017

Michael P. Cohan, 225 South Meramec Avenue, Suite 502, Clayton, MO 63105, for appellant.

Laura M. Williams-Roberts, 20 South Church Street, Suite C, Union, MO 63084, for respondent.

Gary M. Gaertner, Jr., Presiding Judge

## Introduction

William H. Killingham (Husband) appeals the trial court's denial of his motion to set aside a default judgment the trial court entered upon Paula Killingham's (Wife) petition for dissolution of marriage. Because we find service was improper, we reverse.

## Background

Wife filed her petition for dissolution of marriage on October 1, 2014. On November 20, 2014, a deputy sheriff delivered the summons and petition to Husband's residence. The deputy left the summons with the parties' adult son, Alex, and filed a return of service so reflecting. Husband did not appear before the trial court for any hearings regarding the dissolution. The trial court entered default judgment after a default hearing on July 10, 2015.

On December 20, 2015, Husband's attorney entered an appearance and filed a motion to set aside the default judgment. As relevant to this appeal, Husband's motion alleged that Alex did not reside with Husband at the time of service, but rather was only visiting Husband. Wife responded to this argument in her memorandum of law opposing Husband's motion, arguing that Section 452.310.5[1] allows for service to a family member and does not require that the family member reside with the respondent. The trial court conducted a hearing on Husband's motion on January 15, 2016. During the hearing, Husband testified that Alex lived with him and had for about the past two months, but Alex did not live with Husband at the time of service. Wife testified that Alex would go back and forth between the parties' homes for weeks at a time.

The trial court denied Husband's motion to set aside the default judgment. The trial court's judgment contained the following findings:

> [Husband] testified that his son is residing with him now and that, as early as 2014, his son was staying with him overnight on occasion. Thus, [Husband] has not established by a preponderance of the evidence that abode service in this case was invalid.

This appeal follows.

## Discussion

Husband raises three points on appeal, but the first is dispositive. He argues

---

1. All statutory references are to RSMo. (Supp. 2014) unless otherwise indicated.

that the service in this case was insufficient because Alex did not reside at Husband's home at the time of service, rendering the judgment void for lack of personal jurisdiction. We agree.[2]

 Proper service of process is a prerequisite to personal jurisdiction. Maul v. Maul, 103 S.W.3d 819, 820 (Mo. App. E.D. 2003). "A court lacks the power to adjudicate when the requirements for proper service of process are not met." Id. at 821 (citing Worley v. Worley, 19 S.W.3d 127, 129 (Mo. banc 2000)). The determination of personal jurisdiction is a question of law that we review *de novo*. Bate v. Greenwich Ins. Co., 464 S.W.3d 515, 517 (Mo. banc 2015).

Here, the sheriff's deputy attempted service according to Section 452.310.5, which requires service to the respondent in a dissolution proceeding to be accomplished "in the manner provided by the rules of the supreme court and applicable court rules[.]" Rule 54.13(b)(1)[3] provides that service can be made upon an individual as follows:

> ... by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years[.]

The latter method of service is commonly referred to as "abode service." See O'Hare v. Permenter, 113 S.W.3d 287, 289 (Mo. App. E.D. 2003). Wife argues that this method of service contains no explicit requirement that the family member receiving service reside in the home, and thus the service here was proper.

However, Missouri courts have further clarified the meaning of the word "family" in the context of abode service. The Court of Appeals explained that "the word 'family' ... may be defined as a collective body of persons who live in one house, under one head or manager, including parents, children, and servants, and, as the case may be, lodgers or boarders." Colter v. Luke, 108 S.W. 608, 609 (Mo. App. 1908) (analyzing former statute requiring service at "usual place of abode of defendant 'with some person of his family over the age of fifteen years'") (internal quotation omitted). This definition both broadens the term "family" to include persons who are not necessarily related to the individual by blood or marriage, and at the same time it narrows the term to include only family members who live in the same house. The court added a test to apply: "If the relation between [the person accepting service] and the other persons of the household is of a permanent and domestic character and not intended to be merely temporary, he is regarded as a person of the family...." Id.

Courts have continued to apply this definition in determining whether service was proper under Rule 54.13(b)(1). See Douglas v. Hoeh, 595 S.W.2d 434, 439 (Mo. App. E.D. 1980) (noting "this definition has not been changed"); see also Scholz v. Schenk, 489 S.W.3d 306, 310 (Mo. App. W.D. 2016);

---

**2.** Wife argues as a threshold matter that this point was not preserved. Based on our review of the record, we find that the parties argued this issue below and the trial court considered the issue of personal jurisdiction based on the evidence Husband and Wife presented. Thus, Husband may properly raise it here. See Morris v. Wallach, 440 S.W.3d 571, 576 (Mo. App. E.D. 2014) (defendant demonstrated improper service at hearing and preserved issue for appeal); Maul v. Maul, 103 S.W.3d 819, 820-21 (Mo. App. E.D. 2003) (noting court's duty to determine jurisdiction *sua sponte*, considering grounds for lack of personal jurisdiction other than those raised in motion).

**3.** All rule references are to Mo. R. Civ. P. (2014) unless otherwise indicated.

Midwest Acceptance Corp. v. Blount, 777 S.W.2d 645, 646 (Mo. App. E.D. 1989). In these cases, courts apply the broader aspect of the definition of "family" to include a person who resides in the home, and find service to such a person can be proper. This Court has observed that "to permit service of process on 'a member of the household' may more accurately reflect the real meaning of the [rule]." Douglas, 595 S.W.2d at 439.

Here, we consider the opposite situation: service at an individual's home to someone who is related to that individual but who does not reside in the home. In addition to explaining the meaning of the rule as applicable to household members, this Court in Douglas further indicated that service to a non-resident family member would be improper: "[I]f a relative while temporarily visiting your home were served with process intended for you, the service would be proper under a literal interpretation of the [rule], but, under the meaning given to the term 'family' by the court in [Colter v. Luke], this service would be improper." 595 S.W.2d at 439. This Court cited L.J. Mueller Furnace Co. v. Dreibelbis, in which the court found abode service to the defendant's daughter-in-law, who did not reside with the defendant, was improper. 229 S.W. 240, 242 (Mo. App. 1921). Given this precedent defining the meaning of the term "family," we conclude that if Alex did not reside with Husband, he was not able to accept service of process in the instant case.

The trial court found service to be proper based on the fact that Alex "stayed with [Husband] overnight on occasion" in 2014. However, we do not find this to be "of a permanent and domestic character" as contemplated by the definition of "family." See Colter, 108 S.W. at 609. The phrase "on occasion" indicates the opposite of permanency. The evidence showed that Alex did live with Husband, but not until near the end of 2015. Before that time, though Alex was a family member under the technical wording of Rule 54.13(b)(1), he did not meet the actual requirements of the rule as defined by Missouri Courts. See Douglas, 595 S.W.2d at 439.[3] The fact that the summons served in November of 2014 happened to take place on one of the occasions when Alex was staying with Husband does not alter the lack of permanency in his residence with Husband at that time.

Thus, service upon Husband was improper, rendering the trial court without personal jurisdiction. See Maul, 103 S.W.3d at 821. The trial court's default judgment is therefore void. See Rosemann v. Rosemann, 349 S.W.3d 468, 471 (Mo. App. E.D. 2011). Point granted.

### Conclusion

The trial court had no jurisdiction to enter a default judgment against Husband. Thus, we reverse the trial court's order denying Husband's motion to set aside the default judgment. We remand to the trial court with instructions to set aside the default judgment for lack of personal jurisdiction in accordance with Missouri Supreme Court Rule 74.06(b)(4) (2015).

Robert M. Clayton III, J., concurs.

Angela T. Quigless, J., concurs.

---

**3.** Though Section 452.310.5 does not make an exception regarding abode service to a child of the parties in a dissolution action, such service is troublesome. Cf. Sykes v. Sykes, 940 S.W.2d 35 (Mo. App. E.D. 1997) (finding wife who filed dissolution petition may not properly accept abode service for husband).