

# Missouri Court of Appeals

## Southern District

In Division

SCOTT J. BRICK, D.O., and )
LAKE REGIONAL HEALTH SYSTEM, )
                                  )
      Relators, )    No. SD37767
                                  )
v. )    **Filed: March 21, 2023**
                                  )
THE HONORABLE AARON KOEPPEN, )
                                  )
      Respondent. )

**PRELIMINARY WRIT OF MANDAMUS MADE PERMANENT**

Scott J. Brick, D.O. ("Dr. Brick") and Lake Regional Health System ("Lake Regional") seek a permanent writ of mandamus compelling the Honorable Aaron Koeppen, Judge of the Circuit Court of Camden County ("Respondent"), to dismiss Plaintiff Wanda Hannon's ("Hannon") medical malpractice suit against them. Dr. Brick and Lake Regional argue Respondent was required to dismiss Hannon's medical malpractice suit against them under section 516.105 because Hannon failed to serve them within the time limit prescribed by the statute.[1] Respondent argues no dismissal was required because Hannon had discretion "to make service on [Dr. Brick and Lake

---

[1] All statutory citations are to RSMo (2016), as supplemented unless otherwise indicated.

Regional] as provided by Rule 54[.]"[2]  Resolution of this issue requires us to decide if the time limit in section 516.105 conflicts with the Missouri Supreme Court Rules of Civil Procedure that govern the timing for service found in Rule 54.  We find no conflict between section 516.105 and Rule 54 and make permanent our preliminary writ of mandamus.

## Factual and Procedural Background

Hannon received medical treatment by Dr. Brick and Lake Regional on or about February 17, 2018.  On February 14, 2020 (three days before the statute of limitations ran), Hannon filed a petition against Dr. Brick and Lake Regional alleging medical malpractice.[3]  However, Dr. Brick and Lake Regional were never served with process, and Hannon dismissed the case on August 11, 2020.  One year later, on August 11, 2021, Hannon refiled the suit.[4]

That same day, Hannon filed a proposed order appointing a special process server, and the circuit court issued summonses and ordered the appointment of a special process server.[5]  There is no record indicating any attempt to serve the summonses was made until February 10, 2022.  On February 10, 2022, Hannon filed

---

[2] All rule references are to Missouri Supreme Court Rules of Civil Procedure (2021).

[3] Section 516.105.1 operates as a statute of limitations for medical malpractice, negligence, error or mistake related to health care, requiring such claims be filed "within two years from the date of occurrence of the act of neglect complained of[.]"  § 516.105.1.

[4] Section 516.230 allows a plaintiff who "suffer[s] a nonsuit" to "commence a new action from time to time, within one year after such nonsuit suffered" in cases where the plaintiff commenced the action within times prescribed in sections 516.010 to 516.370.  In other words, this statute gives a plaintiff the ability to re-file a dismissed medical malpractice claim within one year of the dismissal, provided that the dismissed action was timely filed.  The parties do not dispute that Hannon's petition is treated as timely filed by virtue of section 516.230.  Rather, Dr. Brick and Lake Regional argue it was not timely *served* in accordance with section 516.105.2.

[5] "A party who elects to use a special process server does so at his or her own risk and bears a heavy burden of showing that every procedural requirement for service of process via a 'specially appointed' individual has been met." ***Morris v. Wallach***, 440 S.W.3d 571, 577 (Mo. App. E.D. 2014) (quoting ***Reisinger v. Reisinger***, 39 S.W.3d 80, 84 (Mo. App. W.D. 2001)).

requests for alias summonses and returns indicating the previous summonses were returned as "*non-est*."[6] None of the "*non-est*" summons returns were signed by a process server and none stated when service was attempted or where it was attempted.[7] Nevertheless, the clerk issued alias summonses, all of which listed the same address for Dr. Brick and Lake Regional, as were listed on the original summonses. The location of service for Lake Regional was the same address identified as Lake Regional's principal place of business in the petition. On March 6, 2022, 207 days after the re-filing of the suit, Lake Regional was served with process. On March 10, 2022, 211 days after the re-filing of the suit, Dr. Brick was served with process.

On March 11, 2022, Dr. Brick and Lake Regional filed a Motion to Dismiss pursuant to section 516.105.2. On September 22, 2022, Respondent denied the motion on the grounds that section 516.105 conflicted with Missouri Supreme Court Rules 54.01, 54.21, 54.22 and 54.18, and, therefore, those rules controlled.[8]

Dr. Brick and Lake Regional filed a Petition for Writ of Mandamus in this Court, and this Court issued a preliminary writ of mandamus. This appeal followed.

---

[6] *Non est.* is short for *non est inventus* [Latin "he is not found"]. Black's Law Dictionary (11th ed. 2019). It is defined as "[a] statement in a sheriff's return indicating that the person ordered arrested could not be found in the sheriff's jurisdiction." ***Id.***

[7] Rule 54.20(a)(2) provides that if service of process is made by a person other than an officer, such person shall make affidavit as to the time, place and manner of service thereof. Rule 54.21 requires "[i]f the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same[.]" Moreover, "[p]rocess not served within 30 days becomes *functus officio* and confers no authority thereafter, unless the court extends the time." ***New LLC v. Bauer***, 586 S.W.3d 889, 896 (Mo. App. W.D. 2019) (quoting ***Orange v. Harrington***, 649 S.W.2d 930, 934 (Mo. App. E.D. 1983)). Here, there is nothing in the record indicating service was attempted within 30 days or that the court extended the time for service. Nor did the non-est returns contain the information as required by Rule 54.20(a)(2) and Rule 54.21.

[8] Rule 54.22(a) provides, "The court may in its discretion allow any process, return of proof of service thereof to be . . . amended at any time unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." This particular rule is inapplicable since the case before us does not involve a request to amend the process or return of proof of service to conform to the facts of service. Therefore, we do not discuss Rule 54.22 in our analysis.

## Standard of Review

"Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." ***State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty***, 610 S.W.3d 700, 701 (Mo. banc 2020) (quoting ***State ex rel. Kauble v. Hartenbach***, 216 S.W.3d 158, 159 (Mo. banc 2007)). "A litigant seeking a writ of mandamus 'must allege and prove that he has a clear, unequivocal, specific right to a thing claimed.'" ***State ex rel. Universal Credit Acceptance, Inc. v. Reno***, 601 S.W.3d 546, 548 (Mo. banc 2020) (quoting ***State ex rel. Hewitt v. Kerr***, 461 S.W.3d 798, 805 (Mo. banc 2015)). "This right may arise from a statute that creates a right but does not explicitly provide mandamus as a remedy to enforce the right." ***Id.*** (quoting ***Hewitt***, 461 S.W.3d at 805). "A writ of mandamus is a discretionary writ and, thus, we 'review[ ] the grant of a writ of mandamus under an abuse of discretion standard.'" ***State ex rel. Green v. Missouri Comm'n on Human Rights***, 648 S.W.3d 31, 35 (Mo. App. W.D. 2022) (quoting ***State ex rel. Mo. Clean Energy Dist. v. McEvoy***, 557 S.W.3d 473, 478 (Mo. App. W.D. 2018)).

The parties do not dispute that the language of section 516.105.2 requires a plaintiff to make service on a defendant within 180 days of the filing of the petition if service is being made after the statute of limitations has run. There is also no dispute that Dr. Brick and Lake Regional were served more than 180 days after the lawsuit was re-filed and after the statute of limitations period had run. The dispute, in this case, is whether section 516.105.2 applies at all. According to Respondent, section 516.105.2 does not apply, because it conflicts with Rule 54 of the Missouri Rules of Civil Procedure. We disagree.

4

**Does Section 516.105.2 Conflict with Rule 54?**

If there is a conflict between the Missouri Supreme Court Rules and a statute, "the rule always prevails if it addresses practice, procedure or pleadings."[9] ***State ex rel. Union Elec. Co. v. Barnes***, 893 S.W.2d 804, 805 (Mo. banc 1995). We construe Supreme Court Rules like we do statutes, "with the difference being that this Court is attempting to give effect to [the Supreme Court's] own intent." ***Olofson v. Olofson***, 625 S.W.3d 419, 434 (Mo. banc 2021) (quoting ***In re Hess***, 406 S.W.3d 37, 43 (Mo. banc 2013)). The best evidence of the Supreme Court's intent is the plain language of the rules at issue. ***Id.*** Likewise, the primary objective of statutory interpretation is to ascertain the intent of the legislature from the language used in the statute. ***Anderson ex rel. Anderson v. Ken Kauffman & Sons Excav., L.L.C.***, 248 S.W.3d 101, 106 (Mo. App. W.D. 2008). In ascertaining that intent, we consider the words used in the statute in their plain and ordinary meaning. ***Id.*** Thus, to decide if Rule 54 conflicts with section 516.105.2, we look to the plain language used in the statute and rule.

While Rule 54 broadly covers many aspects of the issuance and service of summons in civil actions, Section 516.105.2 touches only on the time limit for serving a defendant in a medical malpractice action and the consequences for failing to make service within that time limit:

> 2. Any service on a defendant by a plaintiff after the statute of limitations set forth in subsection 1 of this section has expired or after the expiration of any extension of the time provided to commence an action pursuant to law *shall be made within one hundred eighty days of the filing of the*

---

[9] As Rule 41.02 notes, rules promulgated pursuant to article V, section 5 of the Missouri constitution, such as the Rules of Civil Procedure, "supersede all statutes and existing court rules *inconsistent* therewith." (Emphasis added). A law is procedural if it prescribes a *method* for enforcing rights or obtaining redress for their invasion; it is substantive if it defines and regulates those rights. ***State ex rel. Union Elec. Co. v. Barnes***, 893 S.W.2d 804, 805 (Mo. banc 1995). Because we conclude there is no conflict between the statute at issue and Rule 54, we do not address or decide whether section 516.105.2 is procedural or substantive.

*petition.* If such service is not made on a defendant within one hundred eighty days of the filing of the petition, the court *shall* dismiss the action against the defendant. *The dismissal shall be without prejudice unless the plaintiff has previously taken or suffered a nonsuit, in which case the dismissal shall be with prejudice.*

§ 516.105.2 (emphasis added). Since the statute only addresses the timing of service and the consequence of the failure to make service within that time, we need only look at the provisions of Rule 54 that deal with the timing of service to determine if there is a conflict between the rule and the statute.

The provisions of Rule 54 that address the timing of service are 54.01(c) and 54.21. Under 54.01(c), after the clerk delivers the summons to the sheriff or process server, that person is responsible "for *promptly* serving it with a copy of the pleading and any other paper requiring service."[10] (Emphasis added). "This means that the plaintiff must exercise due diligence in effecting service." *State ex rel. Holzum*, 342 S.W.3d 313, 317 (Mo. banc 2011). Rule 54.21, likewise, contemplates prompt service:

> The officer or other person receiving a summons or other process shall serve the same and make return of service *promptly*. If the process cannot be served it shall be returned to the court within thirty days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court."

(Emphasis added).

There is no conflict between section 516.105.2 and Rule 54. While Rule 54 requires that service be made "promptly" (i.e., with due diligence) and is silent as to the consequence of the failure to make prompt service, section 516.105.2 prescribes the consequence (i.e., dismissal) for failing to serve a defendant after a period of time that is

---

[10] 54.01(c), in its entirety states, "The person to whom the clerk delivers the summons or other process shall be responsible for promptly serving it with a copy of the pleading and any other paper requiring service."

not prompt (within 180 days of the filing of the petition after the statute of limitation has expired). The statute's specific deadline for serving defendants in medical malpractice cases does not contradict Rule 54's requirement that service be prompt. Rule 54 and section 516.105.2 exist in harmony, and there is no contradiction between a rule that requires a plaintiff to act with due diligence in effecting service and a statute that requires dismissal if service on defendants in medical malpractice cases, who are generally easy to locate, is not made within 180 days after the filing of the petition and after the expiration of the statute of limitations.

Nor are we persuaded by Respondent's argument that Hannon could "elect" to serve Relators under either Rule 54 or under the statute. In support of this argument, Respondent directs us to ***Bate v. Greenwich Ins. Co.***, 464 S.W.3d 515 (Mo. banc 2015). However, ***Bate*** is inapposite because it dealt with a statute that provided for a specific *method* of service, § 375.906, and thus fell under the purview of Rule 54.18. ***Id.*** at 519. Rule 54.18 states, "Where a statute contains provisions for a *method* of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." (Emphasis added). This rule applies to only statutes that contain provisions for a method of service. Section 375.906, the statute at issue in ***Bate***, provides a *method* of service since it describes how service shall be made:

> Service of process shall be made by delivery of a copy of the petition and summons to the director of the department of commerce and insurance, the deputy director of the department of commerce and insurance, or the chief clerk of the department of commerce and insurance at the office of the director of the department of commerce and insurance at Jefferson City, Missouri[.]

Conversely, section 516.105.2 says nothing about the *method* of service (i.e., how service is made), it only sets out the time limit for making such service. While

Respondent is right that Rule 54.18, by its terms, gives a plaintiff the option of choosing between a method of service provided by statute and a method of service under the rules, Respondent is wrong in characterizing section 516.105.2 as a statute that provides for a *method* of service since it contains no language directing the plaintiff to follow a certain process when making service.

Hannon does not get to choose between complying with Rule 54 or the statute. Hannon was required to comply with both. In this case, service was neither prompt, as required by Rule 54, nor in compliance with the time limitation of section 516.105.2, since it was made over 200 days after the filing of the petition and after the two-year statute of limitations had expired. Because Hannon failed to serve Dr. Brick and Lake Regional within the time prescribed in section 516.105.2, Respondent had no discretion to deny Dr. Brick and Lake Regional's motion to dismiss Hannon's suit.

We make permanent our preliminary writ of mandamus. Respondent is ordered to dismiss Hannon's petition for medical malpractice with prejudice.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCURS

BECKY J. W. BORTHWICK, J. – CONCURS